IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS,<br>    Plaintiff,<br><br>vs.<br><br>CORECIVIC, et al.,<br>    Defendants. | Case No. CIV-17-293-JHP-SPS |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COME NOW Defendants CoreCivic, Yates, Underwood, Burney, Ade, Brill, Gentry and Hamilton by and through their attorney, Darrell L. Moore, OBA #6332, and hereby submit their response in opposition to Plaintiff's Motion to Compel Discovery. [Doc. #133].

### STATEMENT OF THE CASE

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections, remains housed at Davis Correctional Facility, Holdenville, Oklahoma. He was placed at that prison facility by Oklahoma DOC pursuant to a contract between CoreCivic, Inc., and the Oklahoma Department of Corrections. CoreCivic, Inc., owns and operates the Davis Correctional Facility. Defendants Yates, Underwood, Burney, Ade, Brill, Gentry and Hamilton were at all times relevant to Plaintiff's allegations employees of CoreCivic at the Davis Correctional Facility.

## PLAINTIFF'S MOTION SHOULD BE DENIED

Rule 26 of the Federal Rules of Civil Procedure vests the Trial Court with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. The Rule states that on its own motion, the trial court may alter the limits of discovery if it determines that ... "(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2).

Additionally, upon motion, the Court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c).

**<u>Defendants have responded to Plaintiff's submitted discovery.</u>**

Defendants have received discovery requests submitted to Defendants Burney, CoreCivic, Dorman, Sanders, Larimer, Moore, Underwood and Yates as well as Admission Requests and Request for Production of Documents. Defendants timely placed the responses in the mail to the Plaintiff on the 31st day of July 2018.

**<u>Defendants have raised valid objections to portions of the submitted discovery.</u>**

Defendants answered all of Plaintiff's submitted discovery, either with a specific answer or with a specific objection.

As set forth in the Court Ordered *Special Report*, Plaintiff has failed to exhaust his administrative remedies. Defendants have filed a Motion for Summary Judgment on the limited issue of exhaustion of administrative remedies. Defendants objected to discovery requests that involved the merits of his case. Because Plaintiff alleged he was thwarted in exhausting administrative remedies, Defendants answered his questions regarding the grievance policy, grievance procedures, the facility's grievance coordinator, the facility law librarian, and the Warden and Chief of Unit Management.

Plaintiff requested Defendants produce medical records from a different prison facility – i.e., Lawton Correctional Facility. Defendants objected to Plaintiff's request and asserted Plaintiff has access to his own medical records and should use the proper request process.

Plaintiff was placed on grievance restriction. Such placement does not excuse an inmate from exhausting administrative remedies. Grievance restriction, as outlined by the Oklahoma DOC administrative remedies policy, OP-090124, has been reviewed and upheld by the United States Court of Appeals for the Tenth Circuit. The grievance restriction process does impose additional administrative remedies steps on an inmate, but it does not prohibit that inmate from pursuing

administrative remedies. *See* Thomas v. Parker, 609 F.3d 1114, 1119 (10th Cir.2010); *see also*, Davis v. Bear, 537 Fed. Appx. 785, 788–89 (10th Cir. 2013).

Plaintiff failed to exhaust administrative remedies before bringing his action forward to the District Court.  Records attached to the *Special Report* and exhibits attached to the Defendants' Motion for Summary Judgment clearly demonstrate Plaintiff's failures.  In response, Plaintiff simply offers conclusory allegations.  His Motion to Compel should be denied.

## **CONCLUSION**

WHEREFORE, premises considered, Defendants respectfully request this Honorable Court deny Plaintiff's Motion to Compel.  Defendants have responded timely to Plaintiff's discovery requests.  Defendants have timely provided responses and records appropriately requested.

        Respectfully Submitted,
        Defendants

        _/s/ Darrell L. Moore_
        DARRELL L. MOORE, OBA #6332
        P.O. BOX 368
        PRYOR, OK  74362
        (918) 825-0332
        (918) 825-7730 fax
        Attorney for Defendants

## *Certificate of Service*

☑ I hereby certify that on September 18, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing to all Counsel of Record.

☑ I hereby certify that on September 18, 2018, I served the attached document by regular U.S. Mail on the following, who are not registered participants of the ECF System:

**Ezekiel Davis, ODOC 186754**
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848

DARRELL L. MOORE