In The United States District Court
For The Eastern District of Oklahoma

FILED
JUL 1 2 2019
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

Ezekiel Davis,
Plaintiff

v.

Core Civic, Inc.,
et al.,

Defendants

Case No.
CIV-17-293-JHP-SPS

Plaintiff's Motion To Show Cause Why Defendants Britney Summers-Hope, Joe McAllbaugh, Latoya Edwards And Justin Pham And Andrea Skelton

COMES NOW Ezekiel Davis, herein after Plaintiff appearing pro se in the above entitled case moves with this motion for the following reason(s);

1.) Plaintiff is in the custody and care of the Oklahoma Department of Corrections (ODOC), presently housed at the Oklahoma State Penitentiary (OSP), in McAlester, Ok., a Maximum Security Facility.

2.) Plaintiff filed his Amended Complaint under in forma pauperis, pursuant to 28 U.S.C. sec. 1915(d), "the officers of the Court shall issue and serve all process and perform all duties in [in forma pauperis] cases." Plaintiff was transferred to the Oklahoma State Penitentiary after Defendants conduct MRI that revealed my

spinal condition, while at the Davis Correctional Facility (DCF) I was allowed to have all of my legal documents (property); however as soon as I arrived at OSP all of my legal documents arrived days later and when I received my legal property my documents that were separated by Manila envelopes, by case because I have three (3) pending civil cases.

The Defendants actions of withholding my legal documents due to ODOC Policy on Property only allowing/sanctioning one (1) square foot of legal property and one square foot of personal property - to date I haven't receive all of the legal documents that I need to show cause properly by being able to direct this Court's attention to the Motion(s) I've file for "Production of Document and Tangible Things" - to the Defendants attorney Darrell L. Moore to provide the last know address to the U.S. Marshals Service since I am incarcerated and only have access and knowledge of the Defendants place of employment, not Defendants personal information - their home address. For this reason(s) Plaintiff shows good cause as to why service was not effectuated within the allowed time frame, Plaintiff should be given extended time because Plaintiff's papers have been removed from their manila envelopes mixing all documents to such a point that Plaintiff do not know which document go's with which, and Plaintiff's legal documents are not in my possession.

Plaintiff has to submit a Request To Staff to his Unit Team requesting access to search for certain documents however the OSP staff have (10) days to respond and

-2-

would be no way humanly possible for me to follow up on whether service is be complete, especially since I believed service was the responsible of the U.S. Marshals.

3) The Defendants have been uncooperative in providing the last known address to the U.S. Marshals Service, and the fact that I was allowed to have ALL of my legal and personal property while at the Davis Correctional Facility (DCF), this fact is revelant to my claim(s) and defenses because Defendants have admitted to creating a "Memorandum" that allow DCF to change two (2) major policies - Grievance Process - OP-090124 and Access To Court/ Law Library - OP-030115, "differed slightly" than these policies are implement at a ODOC facility. See Special Report, at Attachment 40-1 and 40-2.
For the Defendants in the ODOC to now enforce "Property Policy", is and adverse action - when I cannot possibly know which doccuments I will need to make reference to, in order to move forward with my burden of proof thwarting my effects to access the court.
Plaintiff's legal documents are essencial to presenting my claim(s) and defense(s) to this Honorable Court.

4) Plaintiff has provided the identity of the Defendants and case law suggests that it is the U.S. Marshals responsibility as long as you provide enough information to identify the defendants, as some case law suggest as well that if the Defendant is no longer employed at an institution, the Marshal shall ask the prison or the prison department the defendants current address and shall

-3-

Attempt service at that address.
Plaintiff only know that the U.S. Marshals Service has used the information I provided, and Plaintiff has sent Defendants a Motion For Product of Document and Tangible Things, for Defendants Latoya Edward, Britany Summer-Hope, Andrea Skelton, and I believe that the U.S. Marshals delay is good failure to complete service see: Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 447-48 (5th Cir. 1996); Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Jones Bey v. Wright, 876 F.Supp. 195, 197-98 (N.D. Ind. 1995); Sidney v. Wilson, 228 F.R.D. 517, 523 (S.D.N.Y. 2005).

5.) Plaintiff has not intentionally been uncooperative with the U.S. Marshals Service and realize that I cannot enforce the Marshals Service to complete service once they have initially attempted service, or whether the Marshals Service has attempted to serve summon and complaint by waiver of service.
Plaintiff does not know whom is responsible to receive service for DCF or Justin Pham and, however these Defendant are not in Oklahoma to my knowledge, Defendants obviously do not want a prison to know their home address or even their current place of employment.

## Conclusion

Wherefore Plaintiff has not intentionally be negligent in serving the Defendants, situations and circumstances outside of my control has prevented me from, (A) having access to my legal documents long enough to

-4-

to be able to put the Motions in proper order, since prison officials intentionally remove all my legal documents from their filed manilla folder, so that now I cannot tell which document is which, there was no penological justification to remove my documents from their folders especially when ODOC and private prison have X-Ray machines to examine incoming property, and lastly the information that's available to me after file "Motion For Production of Documents and Tangible Things" to Defendants on Latoya Edward and Britany Summer-Hope and Andrea Skelton, believing the U.S. Marshals would understand that I am a prisoner with limited access to Defendants personal address or current employers address.

For this reason(s) Plaintiff's Request the Court order either the Defendants should Produce the current or last known address to the U.S. Marshals Service to effectuate service within a reasonable time since most likely the Attorneys in this case may have already entered an appearance for other Defendants.

Plaintiff hereby motion for an extension of time to give the Marshals time to serve the remaining Defendants.

Respectfully Submitted
Ezekiel _____

Certificate of Service

I hereby certify that on __7-9-19__ I served a true and correct copy of "Plaintiff's Motion To Show Cause Why Defendants Britany Jammer-Hope, Joe M. Allbaugh, Latoya Edwards and Justin Pham and Andrea Skelton postage per-paid, mailed to Clerk of Court to serve Defendants Attorney that are registered on the ECF to Counsel of record.

Russell L. Hendrickson - Rhendrickson@piercecouch.com
Michael J. Heron - mheron@hfflaw.com
Darrell L. Moore - darrellmoore@jralphmoorepc.com
Julia L. Neftzger - neftzger@jralphmoorepc.com
Kari Y. Hawkins - Kari.hawkins@oag.ok.gov.
Jessica L. Dark - jdark@piercecouch.com.

Ezekiel Davis