In The United States District Court
For The                    District of Oklahoma

Ezekiel Davis,
        Plaintiff,

v.

Core Civic, et al.,
        Defendants

Case No. CIV-17-293-JHP-SPS

FILED
JUL 18 2019
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

## Memorandum Of Law In Support of Plaintiff's Motion for Appointment of Counsel

COMES NOW, Ezekiel Davis, Plaintiff, appearing pro se in the above styled case moves with the Motion In Support of Appointment of Counsel, for the following Reason(s);

### Statement of Case

Plaintiff is a pro se prison litigant, filed this civil rights case under 42 U.S.C. sec. 1983, asserting claims for the unconstitution use ODOC Policies to silence Plaintiff by denying Plaintiff access to the Courts when Plaintiff attempted to filed ODOC Grievance Process for the denial of adequate medical care by a qualified physician, retaliation against me for exercising my Constitutional rights, use excessive force, and retaliated by transferring me from "private for profit prisons" that would not provide continuity of care by a physician

qualified to assess my spinal condition.

Plaintiff filed Davis v. GEO Grp. Corr, Inc., CIV-16-462-HE (W.D. Okla. May 2016), Amended Complaint file Feb. 2017. Plaintiff was housed at the Lawton Correctional Facility (LCF) where the first doctor (Defendant Gonzaga) was unqualified to medically treatment me; Plaintiff was diagnosed by Dr. Musallam Nov. 29, 2016, and he diagnosed me with "Lumbar and Cervical degenerative disc disease with probable spinal stenosis with radiculopathy", and was not given continuity of care to determine which disc are deteriorating, the severity of my spinal stenosis has gone undetermined by qualified physician, the extent of my radiculopathy has gone undiagnosed by a qualified physician.

I was transferred to the Davis Correctional Facility (DCF) in Holdenville, Okla., where continuity of care was not provided, Plaintiff filed grievances and was retaliated against by being placed on Grievance Restriction erroneously and as a reprisal for asserting my medical needs. Plaintiff filed Davis v. Core Civil et al., CIV-17-293-JHP-SPS (E.D. Oklahoma July 2017); In this civil action Plaintiff was never seen by the facility doctor or any qualified medical staff qualified to assess my spinal condition, and referrals to outside specialist was denied in retaliation against me for exercising my constitutional rights.

After filing unheard TRO's the Defendants at DCF sent me to the Holdenville Hospital on Sept. 17, 2018 where a MRI was done, to-date the Defendants has not told me what the Radiologist/MRI say, and this relevant

- 2 -

to my claims and defenses in this cause of action:
In the Davis v. Core Civic, civil action, the Defendants conducted a Special Report with attached "Affidavits" by Defendants James Yates, Warden and Willa Burney, Law Library Supervisor, on personal knowledge testified to the fact that ODOC General Counsel, DCF Law Library, and Core Civic headquarters created a "Memorandum" that allowed them to change two ODOC Policies to "differ slightly" in how the policies — Grievance Process OP-090124 and Access to Court/Law Library OP-030115, are implemented at a "private for profit prison" in violation of ODOC/State Contractual Agreement. See: Ok. St. Title 57 sec. 561 and 561.3
The Defendants have committed fraud on the Court when they perjuried themselves by claiming the "Memorandum" in question was a "Notice" Plaintiff submitted.
However, the misrepresentation of the material fact was apparent when the Defendants claimed that ODOC had reviewed and approved the "differences." See: Special Report at Doc. No. 40-1 and 40-2.
Plaintiff was denied continuity of care when the Defendants refused to send Plaintiff to a qualified physician — Neurologist to assess and determine the degenerative condition of Plaintiff's spinal condition, that's causing me irrepabable harm.
Instead, Plaintiff was again transferred from DCF to the Oklahoma State Penitentiary (OSP) Jan. 9, 2019.
Plaintiff was forced to file — Davis v. Core Civic Inc., et. al., CIV-18-396-JHP-SPS; (Amended March 2018) to add ODOC Defendants.

-3-

Once I was transferred to OSP, I was denied all of my legal and personal property for over a month and a half, and was only given some legal documents on 2-25-19.

Plaintiff was attacked by guards on camera, pepper sprayed and placed in cell where my bottom bunk restriction was not honored; I denied continuity of care and my pain medication was discontinued on Jan. 10, 2019, and the facility doctor stated he don't prescribe "narcotics" Neurotin/Gabapentin, said that I would need to "twist" his arm to get the medication or to be seen by a outside specialist, in violation of ODOC Policy, entitle "Outside Providers for Health Care Management," OP-140121. SEE: <u>TRO filed June 7, 2019, (Eastern District)</u>. Neurotins were drop from 800 mg to 100 morning, and 200 mg. at night.

## Statement of Facts

The Complaint alleges that Plaintiff was denied adequate medical care, was assaulted by Correctional Officers; Plaintiff was retaliated against by being given false misconducts, and placed on grievance restriction as a reprisal; transferred to "private for profit prison(s) where ODOC Policies had been altered by a "Memorandum" that was allegedly approved by ODOC.

Plaintiff is suffering in pain without adequate medical care, the Defendants are showing Deliberate Indifference to my serious medical needs, inflicting cruel and unusual punishment, inflicting unnecessary pain and suffering.

Plaintiff is being held at a Maximum Security Prison as reprisal for asserting and exercising my Constitutional Rights, and repeatedly being denied adequate medical care by a qualified physician.

-4-

## Argument

In deciding whether to appoint counsel for an indigent litigant the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issue." See: <u>Abdullah v. Gunter</u>, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted).

In addition courts have suggest that the most important factor is whether the case appears to have merit. See: <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

### 1.) Factual Complexity:

The Plaintiff alleges that the Defendants have intentionally denied Plaintiff adequate medical care from a physician to determine which of my disc in my spine is deteriorating, the severity of my spinal stenosis and the extent of my radiculopathy has gone untreated.

The Defendants did a MRI on Sept 17, 2018 and to-date Plaintiff nor has this Courts been provide a copy of MRI with Radiologist Report, Plaintiff is indigent and cannot afford the purchase my MRI Report, the factual complexity in this case is of a medical nation, and Plaintiff's case is being treated as if the Court do not want to view Plaintiff's evidence, when the Defendants have submitted affidavits that have been recanted, and the Defendants perjuried themselves and committed fraud on this Court by claiming that a document that is labelled a "Notice"

-5-

as the "Memorandum", when it is not. The Defendants changed ODOC policies to allow "private for profit prisons" to alter policies that directly affect my ability to grieve and denied me access to the court; this issue is complex because Defendants clearly has perjuried themselves and has committed fraud on the court by misrepresenting the facts, and providing a copy of the "Memorandum" that allowed DCF private prison to implement two (2) policies that "differ slightly" at DCF than at a ODOC/State prison. This factual matter is material to Plaintiff's claims and defenses, these policies difference are complex when Defendants are intentionally causing delay and refuse to submit the "Memorandums" in question. Plaintiff is suffering with a spinal condition that's causing me irreparable harm, and since my civil rights claim is dealing with the denial of adequate medical care by a "qualified physician", which will require expert testimony/witness. SEE: <u>Greeno v. Daley</u>, 414 F.3d 645, 658 (7th Cir. 2005) (in reversing refusal to appoint counsel, appellate court stated that district court was wrong in saying the case was "factually simple and legally straightforward," since it involved medical records and inmate's complaints and requests over a period of two years, and requires an assessment of the adequacy of treatment, which will likely require expert testimony); <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 504 (3d Cir. 2002) (counsel should be appointed when medical issues are complex and experts are needed)

-6-

The Defendants experts MUST know that Plaintiff's MRI shows that Plaintiff's spinal condition is sufficient evidence to show that at the time Plaintiff filed this case initially, As Davis v. GEO Grp. Corr. Inc., CIV-16462-HE (W.D.Okla. May 2016)... Plaintiff's civil claim also asserts a conspiracy, and the conduct of the Defendants to use the same tactics in each case to transfer me after filing false misconduct reports against me.

To now without material evidence of the "Memorandum", that Defendants swore to, creates a factual complexity when it's possible that the "Memorandum" contain other ODOC Policy that has been changed, such as but not limited to; in addition to the two already mention - Grievance Process OP-090124; And Access To Court/Law Library - OP-030115; Private for profit prisons did not follow, "Outside Provide for Health Care Management," OP-140121; "Health Assessment for Inmates Transfers," OP-140113; "Inmate Medical, Mental Health and Dental Care," OP-140100; "Inmate Housing" OP-030102; "Non-Associations And Protective Measures," OP-060106; Segregation Measures, OP-040204; And "Access to Court / Access to the Court/Law Library," OP-030115.

In order to implement these policies to "differ slightly" than how these policies are procedurally practiced at a ODOC Facility Requires prior approval from the Director, According to the testimony by Affidavit from Defendants James Yates and Willa Burney the "differences" were reviewed and approved by

-7-

ODOC, in each policy under "Action" it states that the General Counsel of ODOC is responsible for the annual review and revisions of ODOC policies, but any exceptions to these procedures will require prior written approval from the Agency Director. The language of the policies, and the testimony from the Defendants create a material fact as to which policies were changed and how; the "Memorandum" in question that the Defendants have perjuried themselves with supports Plaintiff's contention that he was not only impeded from the Grievance process intended to deny me access to the Court and silence my complaint of the denial of adequate medical care, retaliation, maintaining a code of silence concerning staff misconduct - Conspiracy that one or more of the Defendants acted in concert, excessive force, reckless disregard for my health. Plaintiff asserts that he is indigent and is unable to investigate the factual complexity of this case, the Plaintiff has submitted relevant case law in his filing that supports that a genuine issue of material facts in dispute such as would deny the Defendants any form of Summary Judgment - Defendants has no defense -

Plaintiff has referenced three (3) civil case that the Defendants acted the same in each case, supporting the appointment of counsel. See: <u>Tuckell v. Randall</u>, 948 F.2d at 392 (citing conflicting medical evidence as a reason to appoint counsel). Appointment of Counsel is warrant Plaintiff case has merit.

-8-

2.) <u>The Plaintiff's Ability To Investigate</u>

Plaintiff is housed at a Maximum Security Prison OSP and is locked in a cell 23-24/7, and has no ability to investigate the facts.

For example, when Plaintiff was transferred from the Davis Correctional Facility (DCF) Jan. 9, 2019, once at OSP I did not receive any of my legal property from DCF until 2-25-19, Plaintiff have his legal documents filed by cases in Manila envelopes, when I saw my legal documents someone had removed my documents from there Manila evelopes and mixed the documents up.

ODOC policy only allow one (1) square foot of legal property, this is a henderance, and a impediment to Plaintiff's cases listed above, and without legal documents to reference to, or the past motions filed has been intentionally mixed up.

Plaintiff is unable to investigate the witnesses, and the Defendants, Plaintiff has been transferred to a different prison where the Constitutional violations has occurred - except for OSP, Plaintiff cannot investigate certain material facts and there has been many request, and documentary evidence that Plaintiff does not have in order or readily available - yet at private prisons I was allowed <u>all</u> of my property - this fact is material to my claims and defenses that private prisons were allowed to implement ODOC Policy "differently".

-9-

Plaintiff's transfer to a different facility is a factor that several courts have cited in support of appointment of counsel. See: Tucker v. Randall, 948, F.2d 288, 391-92 (7th Cir. 1991); Gaton v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

In addition, this case will require considerable discovery concerning the identity of staff at each facility in the medical department that handled Plaintiff's medical records were referrals were made for outside specialist care, why was referrals denied, the list of discovery is to long to list here; officers involved in assaulting me by using unnecessary force, camera footage that should have been saved until Plaintiff's civil cases are adjudicated - However if camera footage was not saved in accordance with ODOC Policy this would be another policy that private prisons was allowed to alter.

The prior incidents/history of misuse of force by the officers, and Plaintiff's medical history. See: Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997). (holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics... these [discovery] rules prevented [the Plaintiff] from presenting an effective case below.")

3.) <u>Conflicting Testimony</u>

Plaintiff's account outlined in the Complaint is squarely in conflict with the statements of the

-10-

Defendants whom appears to be withholding relevant evidence that was said to exist, than that was recanted, so now Plaintiff by himself will <u>never</u> be able to discover the elusive "Memorandum" - supporting the appointment of counsel; since the affidavits and perjury and fraud on the Court creates a clear conflict in testimony, and a credibility issue(s). Plaintiff cannot, when such a contest with the factual complexity, and his inability to investigate the conflicting testimony especially concerning my medical record and MRI/Radiologist Report - opposed to the pain I'm in day and night, and the Defendants showing outright deliberate indifference to my health and safety, appear to just let me deteriorate eventhough there's modern medical care that could slow down the degeneration of my disc. Thus Plaintiff's claim of being denied adequate medical care by a qualified physician is a conflict Plaintiff is unable to discover his true state of his spinal condition, because now Defendants has a vested interest to <u>not</u> disclose to either the Plaintiff nor this Court Plaintiff MRI/Radiologist Report done Sept 17, 2018 - At which time this evidence becomes available at some point the Court and Plaintiff will have to be told in conference exactly what the MRI said opposed to what the Defendants Radiologist Reports - Plaintiff's medical records themself will draw strong <u>conflict</u>ing testimony and supports the appointment of counsel.

4.) <u>The Ability of the Indigent to Present His Claim</u>

-11-

The Plaintiff is a indigent prison with limited legal training, and as stated above cannot investigate, or present expert testimony to interpretate Plaintiff's MRI/Radiologist Report, also Plaintiff being confined at a Maximum Security where he is locked in a cell 23-24/7, and is in alot of pain when he has to go sit in a cage where whether standing or sitting the computer cannot be seen due to the thick bars obscuring my view of the computer. This supports the appointment of counsel. See: Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997); Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel). Considering the totality of the Plaintiff's cases and the repeated Constitutional violation(s) and retaliation outlined herein supports the appointment of counsel, Plaintiff's spinal condition cause alot of discomfort and pain.

5.) <u>Legal Complexity</u>

The large number of defendants, some of whom are supervisory officials, and the ODOC General Counsel, Chief Medical Officers for both ODOC and Private Prisons and even the ODOC Direct and GEO Grp. Corr. Inc. headquarter and Core Civic headquarters, the discovery of which Defendant(s) were sufficiently personally involved in the constitutional violations to be held liable. See: Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997) (holding that complexity of supervisory liability supports the appointment of counsel)
In addition, Plaintiff has requested relief to have a jury trial, which requires much greater legal skill than the

-12-

Plaintiff has or can develop. SEE: <u>Solis v. County of Los Angeles</u>, 514 F.3d 946, 958 (9th Cir. 2008) (prisoner with eighth grade education and no legal training is "ill suited" to conduct a jury trial).

6.) <u>Merit of the Case</u>

The Plaintiff's has states a prima facie case, that if the allegations are proven would clearly establish a Constitutional violation. The blatant denial of adequate medical care by a qualified physician - infers a systematic issue with the ODOC and Private Prisons meeting their Constitutional burden to provide "reasonably adequate" medical care - medical care/service cannot be said to be adequate if the policies that mandate how medical services are to be provided no matter the cost - it must be "reasonably adequate" - which should amount to "service at level reasonably commensure with modern medical science and of a quality acceptable within prudent professional standard" and as "a level of health services reasonably designed to meet routine and emergency medical, dental, and psychological, or psychiatric care" SEE: <u>Fernandez v. U.S.</u>, 941 F.2d 1488, 1493 (11th Cir. 1991) Accord, <u>U.S. v. De Cologero</u>, 821 F.2d 39, 43 (1st Cir. 1987); SEE Also: <u>Barrett v. Coplan</u>, 292 F. Supp. 2d 281, 285 (D.N.H. 2003)

Considerating the totality of the case Plaintiff has state claims of First, Eighth and Fourteenth Amendment violations and a 42 U.S.C. sec. 1983 Civil Conspiracy; as it is well known that counsel is unwarranted where

—13—

Plaintiff's (the indigent's) chances of success (on the merits) are extremely slim." See: _Tabron v. Grace_, 6 F.3d at 155; _Hodge v. Police Officers_, 802 F.2d 58, 60 (2d Cir. 1986) However, Plaintiff's case has state a prima facie matter that requires this Honorable Court to view the highly exceptional circumstances before it and the evidence and discovery of relevant evidence would show that Plaintiff's claims are more probable than not. _Bell Atlantic Corp v. Twombly_, 550 U.S. 544, 561-62, 127 S.Ct. 1955 (2007) See: _Estella v. Gamble_, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). Plaintiff has stated a civil case that has merit in light of the evidence before the Court and the fact that the Defendants showed the Constitutional Required deliberate indifference in each above name/number case, showing a systematic medical denial for outside special care at private prisons, than with the Defendants' testimony in _Davis v. Core Civic_, CIV-17-296-HE (E.D. Okla July 2017) in Affidavits by James Yates, Warden and Willa Burney, Law Library Supervisor, and the MRI/Radiologist Report states what Defendants have discovery after unjust delay that's not reasonable to ~~not~~ provide Plaintiff with continuity of medical care to determine which disc are deteriorating, the severity of my spinal stenosis, and the extent of my radiculopathy is exhibiting the activity that the Constitution protects me from, and its showing the Defendants mentality toward providing the Constitutional Required medical care - which proves "deliberate indifference" inflicting unnecessary and wanton pain, maintaining Plaintiff in cruel condition... is the Objective Component; the Subjective Component is Plaintiff has stated a claim(s)

that shows Defendants actions were not mere negligence or carelessness, but rather actual malice - intended to cause harm, just as they have cause delay of adequate medical care for a spinal condition that's causing Plaintiff irreparable harm - and due to the delay of treatment there is <u>no</u> way to determine the Plaintiff's rate of deterioration, and since no further care has been provide on my entire back/spine, only MRI show Lumbar and Cervical, however the middle of my spine maybe deteriorating as well - the mere fact that Plaintiff suffers with this spinal condition supports that risk of serious physical injury is inevitable.

Plaintiff request that the Court grant appointment of counsel.

Respectfully submitted,

Ezekiel Davis

Date: ~~6-17-19~~ 7-8-19