# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                    )
                                 )
                    Plaintiff,   )
                                 )
v.                               )        No. CIV 17-293-RAW-SPS
                                 )
CORECIVIC, INC., et al.,         )
                                 )
                    Defendants.  )

## OPINION AND ORDER

This action is before the Court on Defendant Darrell Moore's motion to dismiss Mr. Moore from this action (Dkt. 191). Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma.

**Plaintiff's Allegations**

Plaintiff brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF) in Holdenville, Oklahoma.[1] Mr. Moore is one of 24 remaining defendants named in Plaintiff's amended complaint (Dkt. 169). Plaintiff makes the following allegations against Defendant Moore:

> Defendant Darrell L. Moore is the attorney for CoreCivic-DCF. Upon Plaintiff's arrival at DCF May 30, 2017, on June 1, 2017 I made Willa Burney aware of all of my deadlines, she did not know what a "statutory or rule imposed" deadline was, however as soon as she saw on the Request to Staff that I was suing Corrections Corporations of America (CCA) she targeted me. I am alleging ODOC General Counsel, the prison officials at the Lawton Correctional Facility (LCF) and Darrell L. Moore contacted James Yates, Warden, and Willa Burney, and told them to deny me access to court by placing me on grievance restriction, 29 days after I arrived at this facility.
>
> Defendant Moore told Willa Burney to not make me copies so I could try to

---

[1] Plaintiff alleges DCF is owned by Defendant CoreCivic, Inc. (Dkt. 169 at 15).

get the Tenth Circuit to rehear *Davis v. CCA*, CF-16-6047 (10th Cir.) (W.D. Okla. CIV-13-1174-HE).

*Id*. at 16-17.  Plaintiff further claims:

> I believe that Ms. Burney was told by Darrell Moore about my past lawsuits, my having gotten CCA employees filed [sic] even wardens, and Darrell Moore got McBurney to monitor and intercept all of my legal documents, and told her not to filed [sic] my RTS that are the first step in the grievance process.

*Id.* at 27.

> Plaintiff asserts Defendant Moore is involved in a civil conspiracy against him:

> The defendants [sic] retaliation of the defendants toward me was on the direction of their attorney Darrell L. Moore, and the defendants were so arrogate [sic] when they told me what Darrell Moore had told them, and the defendants acted as if they were right in denying me access to the court/law library, failed to properly file Request to Staff per ODOC Policy OP-090124, read my legal documents and sent them to Darrell L. Moore.  . . .

> Obviously, on 8-24-17, Dr. Sanders engaged in conduct to conspire to deny me access to adequate medical care for reasons that has [sic] nothing to do with my serious medical needed [sic], fabricating chart review in order to create sham facts, because Darrell L. Moore is telling the doctor what to say.

*Id*. at 49, 50-51.

## Standard of Review

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56.  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With these standards in mind, the Court turns to the merits of Defendant Moore's motion.

**Discussion**

Defendant Moore alleges Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Moore is a private attorney who provides legal representation to Defendant CoreCivic and its employees who are named as defendants in certain state and federal civil suits. Moore, however, is not an employee of DCF or CoreCivic. He, therefore, maintains he did not act under color of state law.

Plaintiff alleges in his response to the motion (Dkt. 192) that his complaint "does assert that Defendant Moore a private practice attorney did direct private prison officials and medical personnel to act, and within the statute, if a private prison act [sic] in concert with a state official who does act under of [sic] color of state law--(42 U.S. C. sec. 1983)." *Id*. at 1. Plaintiff further claims:

> Defendant Moore, did act under the color of state law. The defendants did act in concert and there are affidavits that were drafted by Defendant Moore which strongly suggest that this defendant was participating by directing other defendants such as Dr. Fred Sanders, James Yates, Willa Burney and Terry Underwood.
>
> Defendant Moore may not have had anything to do with the day-to-day operation, however, when there is a target, Mr. Moore need not have day to day operation, when he was acting behind the sceene [sic] influencing the other defendants [sic] actions. . . .
>
> Plaintiff asserts that he will be able to point out instances that the defendants [sic] response to me were told from Mr. Moore or the defendants would say "our attorney said . . ."

*Id*. at 2.

"Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). After careful review, the Court finds Plaintiff has not pleaded sufficient facts to allow the court to reasonably infer Defendant Moore acted under color of state law. "[I]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting *Lee v. Town of Estes Park*, 821 F.2d 1112, 1114 (10th Cir. 1987)). Here, the Court finds Plaintiff has presented only vague and conclusory allegations concerning Defendant

Moore's role as a private attorney.

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's amended complaint concerning Defendant Moore do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).

**ACCORDINGLY,** Defendant Darrell Moore's motion to dismiss Mr. Moore from this action (Dkt. 191) is GRANTED for Plaintiff's failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 17th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma