# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EZEKIEL DAVIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 17-293-RAW-SPS |
| | ) |
| **CORECIVIC, INC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a state prisoner who is incarcerated at Oklahoma State Penitentiary (OSP), has filed a "memorandum of law in support of motion for a temporary restraining and preliminary injunction," which the Court construed as a motion for temporary restraining order and preliminary injunction (Dkt. 220). This lengthy, repetitive motion, however, does not expressly set forth the relief he is seeking. Instead, he only presents numerous allegations of alleged constitutional violations.

Plaintiff alleges in his "Statement of the Case" that he has been denied continuity of care by a "qualified" physician after his diagnosis of "lumbar and cervical degenerative disc disease with probable spinal stenosis with radiculopathy" (Dkt. 220 at 1). According to Plaintiff, an MRI was performed on September 17, 2019, while he was incarcerated at Davis Correctional Facility (DCF), however, this record has been withheld from the Court. He asserts that since his transfer to OSP on January 9, 2019, the staff have conspired to deny him care by a specialist, in particular a neurologist, and the dosage of his pain medication has been reduced.

Plaintiff also claims the Department of Corrections (DOC) and OSP are violating Policy OP-140121 regarding outside providers for health care management. The OSP medical personnel allegedly have his medical records and MRI/Radiology report that outline his spinal condition. Dr. Marlar at OSP allegedly has viewed Plaintiff's medical records but refuses to make referrals to an outside specialist. Plaintiff also claims Dr. Ivens and Dr. Burkhalter, who are located in another state and have never actually examined him, have performed inadequate "chart reviews."

Plaintiff further alleges he is being retaliated against for exercising his First Amendment right of access to the courts. The OSP staff allegedly claim his requests for law library access have not been received, and the law library will not provide him with a copy of a Request to Staff (RTS) when he initially submits it. Instead, he is required to send the RTS through the mail, which prevents him from having a copy to prove it was submitted.

In his "declaration" in support of his motion (Dkt. 221), Plaintiff reiterates the claims in his motion and complains about the grievance process and his grievance restriction. He also contends he was erroneously placed in a cell where his bottom bunk restriction was not honored. He later was moved to a cell with a gang member where he was pepper-sprayed for refusing to move in with the other inmate. Again, he does not articulate what relief he is seeking.

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is

denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citation omitted).  The movant also must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).  "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (citation and internal quotation marks omitted).

The CoreCivic/DCF Defendants have filed a response to Plaintiff's motion, noting that Plaintiff does not specifically state which defendants he believes should provide him with relief (Dkt. 223).  Nonetheless, Plaintiff no longer is confined at DCF.  Therefore, Plaintiff's motion is moot with respect to the CoreCivic/DCF defendants.

In response to the Court's Order (Dkt. 263), Defendants Joe Allbaugh, former DOC Director; Mark Knutson, DOC Director's Designee; and David Cincotta, former DOC General Counsel also have responded to Plaintiff's motion (Dkt. 272).  These defendants allege Plaintiff's motion for preliminary injunction improperly attempts to amend the complaint.

The DOC defendants further assert Plaintiff has alleged that non-party OSP staff members, including Dr. Marlar, Nancy Battles, and Ms. Day, have discontinued medication, failed to provide outside medical treatment for his spinal problems, denied his access to the

courts and law library, retaliated against him, withheld his legal materials, and otherwise failed to follow policy.  Plaintiff has specifically stated that "*DOC as new defendants in this civil action* are being sued in the official capacity. . . ." (Dkt. 220 at 5) (emphasis added).  Plaintiff, however, cannot use his motion to add defendants or claims against non-parties.

Further, to the extent Plaintiff is complaining that DOC and OSP are violating the policy concerning outside health care management providers, there are no DOC or OSP medical personnel named in this action.  In fact, Plaintiff advises he has filed a separate action in this Court in Case No. CIV-18-396-RAW-SPS which addresses his claims for denial of medical care, access to the courts, and denial of legal material while housed at OSP (Dkt. 220 at 7).

Regarding Plaintiff's vague request for injunctive relief regarding his legal material, the DOC Defendants maintain the allegations are misleading.  The DOC Defendants point out that Plaintiff has submitted multiple RTSs on the issue of his legal property, and all apparently were addressed and resolved by OSP staff.  The DOC Defendants further assert Plaintiff has legal materials that exceed DOC's property allowance of one cubic foot.  *See* DOC Policy OP-030120 (Dkt. 272-2 at 12).  Inmates with excess legal material may request that the prison store the material outside the cell or living area for no longer than 90 days. *Id*.

DOC Defendants Allbaugh, Knutson, and Cincotta allege it appears that Plaintiff's excessive legal material was stored at OSP, and he was allowed access to the material.  These

defendants assert that any request by Plaintiff to have the Court order OSP officials to allow storage of the excess material in his cell would create an unsafe fire hazard, clearly contrary to public policy.

In a request for a preliminary injunction, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). A preliminary injunction may not issue "to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Little v. Jones*, 607 F.3d at 1245, 1251 (10th Cir. 2010).

Plaintiff's amended complaint (Dkt. 169) does not include allegations concerning denial of medical care or access to the court occurring at OSP, as alleged in his motion for preliminary injunction. He has not addressed this issue in his reply and objection to Defendants Allbaugh, Knutson, and Cincotta's response (Dkt. 276). Because Plaintiff has failed to establish a relationship between alleged injuries asserted in his motion and the allegations in the complaint, the Court finds the motion for preliminary injunction must be denied with respect to the his alleged claims occurring at OSP.

Regarding Plaintiff's request for a temporary restraining order, a TRO is intended to preserve the status quo until the Court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d

ed. 2008). Because the Court is adjudicating plaintiff's preliminary injunction request with this Order, the Court concludes that a temporary restraining order is not necessary. Therefore, Plaintiff's application for a temporary restraining order also is denied.

**ACCORDINGLY,** Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 220) is DENIED.

**IT IS SO ORDERED** this 28th day of May 2020.

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma