IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
      PLAINTIFF,

V

CORE CIVIC, INC.,
et al.,
      DEFENDANTS.

CASE No. CIV-17-293-RAW-SPS

**FILED**

JUL - 9 2020

PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
COMPEL DISCOVERY

COMES NOW Ezekiel Davis, Plaintiff appearing pro se in the Above
entitle case Moves with this Motion for the following reasons, pursuant
to Rule 37, (a),(2) Fed. R. Civ. P. .

Statement of Case

Plaintiff Filed 42 U.S.C. sec. 1983 Against certain prison officials while
At the Davis Correctional Facility (DCF) Core Civic, Inc., for violations of
First, Eighth And Fourteenth Amendments And being engaged in A section
1983 Civil Conspiracy. Defendants in the Special Report (Doc. No. 40) At
Doc. No. 40-1 At No. (6) And (11); 40-2 At No. (5), REVEAl A "Memorandum
created by ODOC General Counsel, DCF Law Library And Core Civic head
quarter that implemented two (2) policies that "differ slightly." This Motion
is to compel the Defendants to produce the "Memorandum."

Statement of Facts

The Defendants Joe Allbaugh, former Director ODOC, David Cincotta, former
Manager ODOC General Counsel of the Legal Division, And Mark Knutson
Manager of the Administrative Review Authority And Director's Designee.

Plaintiff seeks discovery, and on May 26, 2020 sent Defendants Produce of Documents Request With Interrogatories and Request for Admissions. The Defendants failed to produce the requested "Memorandum" there is no reason or room for the Defendants to assume because Defendants have a copy of James Yates Affidavit. See: Exh. 1, 1 of 5. The Defendants refused to respond to discovery request relating to ODOC Defendants Allbaugh, Cucotta and Knutson assuming they are entitled to "Qualified Immunity". The District Court's failure to address Defendants Motion to Dismiss or immunity, it may be properly construed as an implicit denial. See: Stewart v. Oklahoma, 292 F.3d 1257, 1260 (10th Cir. 2002).

## ARGUMENT - PROPOSITION ONE (1)

### Defendants Should Be Ordered To Produce Documents Requested/ Defendants Objection Are To Cause Delay In This Case

Plaintiff sought discovery in good faith and in accordance with the Court's Order [Doc. No. 278], and Rule 34 and 36.
Plaintiff is entitled to use the discovery rules as it is the process for learning relevant facts and obtaining relevant evidence to best serve justice. As it appears the Defendants are intentionally concealing a material fact that is a genuine issue for trial.
The Defendants did not comply with the discovery rules, did not submit a witness and exhibits list as ordered by this Court. [Doc. No. 278].
Plaintiff assert that he has a right as a pro se litigant to have prison officials - Defendants respond and produce documents in their possession; however, since Defendants want to make it impossible for me as a pro se litigant to get through their discovery tactics this Court should consider appointing counsel. See: Klingele v. Eikenberry, 849 F.2d 409, 412 n. 1 (9th Cir. 1988); Jones v. Blanas, 393 F.3d 918, 930-31 (9th Cir. 2004), Scaife v. Boenne, 191 F.R.D 590, 595-96 (N.D. Ind. 2000); See Also: Parham v. Johnson, 126 F.3d

454, 459 (3d Cir. 1997); Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008).

The Defendants are clearly using delay tactics and refusing to disclose Relevant information, assuming they are entitled to a ruling in their favor on their motion to dismiss or immunity, which by law they are not. Id. Stewart

In Plaintiff request at No. 1 - "Plaintiff's Motion For Production of Documents..." Plaintiff states;

> " State whether Joe Allbaugh reviewed and approved
> Memorandum mentioned by Yates. State the
> duties of Joe Allbaugh as Director of Oklahoma
> DOC, produce his credential and when he
> was appointed ODOC Director, produce any
> disciplinary report and reasons he resigned
> quit or was terminated. Produce Affidavit from
> Defendant." Attachment Exhibit 1 and 2 at No. 1 .
>         See Also: Exh. 1 At No. 3 - A Production request not interrogatory

Plaintiff assert that if the Defendants wish to separate this into two (2) interrogatories and two (2) request for production of documents they can do so, I am a layman and did not realize these request should be separated, Plaintiff is still under the (25) number limit. However, this does not excuse seasoned attorneys intentional misstating this request, I never stated, "Doc, produce his credential"... The Defendants Attorney is being untruthful and misrepresenting the facts.

The Defendants and their attorney know that the "Memorandum" mentioned in James Yates affidavit is highly relevant, and said affidavit implied Joe Allbaugh and David Cincotta are both aware of the "Memorandum existence. See: Sp. Rep. DCF/CORE Civic, Doc No. 40-1 at (6) and (11); and 40-2 at (5). Plaintiff object to the Defendants continuous misrepresentation of the material facts, the rules state all I must do is "describe with reasonable particularity each item or category of items to be inspected." Rule 34(b)(1)(A) . The Defendants basically defended the Memorandum in Motion to Diss

And Motion For Summary Judgment. (Doc. Nos. 239 and 289)
Defendant Joe Allbaugh And David Cincotta had to participate in its
creation because they were in office at the time.
The Defendants at their response at No. 2 states:
"the specific memorandum referenced therein
has not been sufficiently identified by Plaintiff
by date or in any other manner."
                            Attached Exhibit 2 at No. 2.

The Defendant James Yates affidavit described the memorandum, I
have not seen it to know what date it has on it.
Plaintiff made his request clear and there is no need for any
speculation(s) as to the contents of the memorandum, James Yates
affidavit described the contents, The Defendants should be Ordered to
produce the memorandum, And if they do not do so this Honorable Court
should hold them in contempt.
                            PROPOSITION TWO (2)


                    The Discovery Sought Is Relevant To The
                    Claims And Defenses In This Case


Plaintiff asserts that Rule 26 (b)(1), Fed. R. Civ. P., permits discovery of "any
nonprivileged matter that is relevant to any party's claim or defense ...
Relevant information need not be admissible at the trial if the discovery
appears reasonably calculated to lead to the discovery of admissible
evidence." See "Plaintiff's Request For Production of Documents." At No. 3, Exh.1to5
The item sought by the Plaintiff is relevant to the claims and defenses
in this case.
At No. 1, Plaintiff request was clear, I never request DOC to
produce Joe Allbaugh's credentials And the "disciplinary report and
reasons Joe Allbaugh resigned, quit or was terminated, was never
properly addressed; No. 7, Produce State and Core Civic written
contractual agreement; it's not incorrectly labelled As an interrogatory.
No. 2, The Defendants did not produce neither David Cincotta

NOR Mark Knutson's credential or affidavits from any of them stating they did not create the memorandum.

The Federal Rules of Evidence, Rule 401, make the requests Plaintiff has made for the "memorandum" highly "relevant evidence having any tendency to make the existence of any fact that's of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Without the "memorandum" sworn to by James Yates on personal knowledge that allowed DCF/Core Civic to implement two (2) major policies that "differ slightly" at DCF than at a ODOC facility, and the differences were review and approved by ODOC. See: Special Report, At 40-1 Nos. 6 & 11; and 40-2 No. 5.

The evidence sought may lead to other evidence of other ODOC policies that were circumvented such as ODOC policies concerning outside medical care OP-140121 and OP-140117, or the use of force policy OP-050108, and others that were not followed.

The Defendants are not entitled to Motion To Dismiss or Summary Judgment, clearly these Defendants violated clearly established law which is why they are playing these discovery games wasting the Court's time trying to wear Plaintiff down with these frivolous discovery tactics. See: LaBounty v. Coughlin, 137 F.3d 68, 71-72 (2d Cir. 1998); Murray v. City of Chicago, 634 F.2d 365, 366 (7th Cir. 1980); Salahuddin v. Coughlin, 993 F.2d 306, 309-10 (2d Cir. 1993); Seller v. U.S., 902 F.2d 598, 602 (7th Cir. 1990); Crawford-El v. Britton, 523 U.S. 574, 599-601, 118 S. Ct. 1584 (1998); Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991).

The Defendants Joe Allbaugh, David Cincotta and Mark Knutson are in violation of the discovery rules and this Court's Order (Doc. No. 278), Plaintiff had to submit his request and the Defendants response as evidence to show that the Defendants should be held in contempt to court, Defendants know what "memorandum" James Yates mentioned in his Affidavit and

the Defendants Allbaugh, Cincotta and Knutson were all in supervisory position that reasonably would have known about the creation of the "Memorandum" mentioned in James Yates Affidavit, Plaintiff do not have to file suit against ODOC to obtain the information of the "Memorandum" when these defendant were acting under the color of state law, "when he exercises power possessed by virtue of state law and made possible only because the wrong doer(s) is clothed with the authority of state law. This means that the conduct must be fairly attributable to the state so that they may fairly be said a state actor. See: Lugar v. Edmons Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); Pino v. Higgs, 75 F. 3d 1461, 1463 (10th Cir. 1996).

The Supreme Court has repeatedly held that "when private individuals or groups are endowed by the State with power or functions government in nature, they become agencies or instrumentalities of the state and subject to its constitutional limitation" See: Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966) Defendants acted in concert with CoreCivic violated Contractual Agreement. The Defendants at Davis Correctional Facility / Core Civic have already perjuried themselve and committed fraud on the court, now Defendant at ODOC are acting with a culpable state of mind, this Honorable Court should Order the Defendants to produce the "Memorandum" in question, and obviously Plaintiff's only description is the one James Yates described in his Affidavit.

These Defendants should be Ordered to produce Affidavits to either Affirm or deny that the "Memorandum" James Yates described in his Affidavit was or was not created by them, and that would effectively place either both DCF/CoreCivic and ODOC Defendants in perjury or only DCF/Core Civic's Defendants in perjury, one will impeach the other at trial. However, this Honorable Court should not allow ODOC

(6)

Defendants Allbaugh, Cincotta and Knutson and Honaker to be dismiss nor grant them summary judgment; Plaintiff has stated a claim against these supervisory ODOC employees that's in support of Plaintiff's right to relief; these Defendants did deprive Plaintiff of rights secured by the federal constitution and they each acted under color of law. See: _West v. Atkins_, 487 U.S. 42, 48, 108 S.Ct. 2250 101 L.Ed. 2d 40 (1988)

Wherefore, Plaintiff asserts that the Defendants actions of failing to comply with this Court's Order (Doc.No. 278) to permit discovery, and their blatant misconstruing Plaintiff's request; Defendants action can be infer to be very adversarial toward Plaintiff; and suggest that a certain level of prejudice exist, which is a show of deliberate indifference to my serious medical needs and a disregard for my health and safety. The Defendants have my medical record, just as they have the "Memorandum"; the Defendants have the advantage and are being cruel, because they care nothing about my serious medical needs their actions speaks louder than any written words; the Defendant care only about getting Plaintiff's case dismiss. Plaintiff has come under the jurisdiction of this court and my faith is that justice will be served, so help me God.

Respectfully submitted,

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
            PLAINTIFF,

v.

CORE CIVIC, INC,
et al.,
            DEFENDANTS.

CASE No. CIV-17-293-RAW-SPS

DECLARATION IN SUPPORT OF MOTION TO COMPEL

1.) I am the PLAINTIFF in this case. I make this affidavit in support of my motion to compel discovery.

2.) On May 26, 2020, I served on the defendants counsel a request of production of document and interrogatories. See: Attachment Exhibit 1, 1 of 5

3.) Defendants intentional acted as if they did not know what "Memorandum" that Defendant James Yates mentioned in his affidavit, and did not respond to the request for production addressed toward Joe Allbaugh, Former ODOC Director, David Cincotta, Former ODOC Director of General Counsel and Mark Knutson Director Design.

4.) Defendants did not want to produce Joe Allbaugh credentials and intentionally misconstrue Plaintiff request at No. 1 "State the duties of Joe Allbaugh as Direct of Oklahoma DOC, produce his credential and when he was appointed ODOC Director, produce any disciplinary report and reasons he resigned, quit or was terminated. Produce affidavit from Defendant."

5.) Defendants did not respond to No. 2 or No. 7. See: Attached Exhibit 2, 1 of 6.

6.) Defendants did not comply with the Court's Order (Doc. No. 278) and their motions to Dismiss should not stand or be granted.

7.) Plaintiff is entitled to the relevant evidence that is need to show that my claims and defenses are more probable than not.

Pursuant to 28 U.S.C. sec, 1746. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____    / 7-7-20
            Ezekiel Davis

Certificate of Service

I hereby certify that on ___7-7-20___ I served a true and correct copy of the foregoing to the Clerk of Court, requesting electronic transmittal by ECF System of this document to the ECF registrants on file in this case: All counsel

Darrell L. Moore
Kari Y. Hawkins, Asst. Att. Gen.

Ezekiel Damin

(9)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
         PLAINTIFF,

V.

CORE CIVIC, INC.,
et al.,

         DEFENDANTS

CASE No. CN-17-293-RAW-SPS

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, ELECTRONICALLY STORED
INFORMATION, OR TANGIBLE THINGS WITH
INTERROGATIES

COMES NOW EZEKIEL DAVIS, Plaintiff appearing pro se in the above entitled case moves with this motion, pursuant to Rules 33 and 34 Fed. R. Civ. P.. Plaintiff submits the following request for documents and interrogatories to the Defendants. You are directed to answer each of the interrogatories under oath in writing and provide Plaintiff with copies of each of the request documents or make them available to the Plaintiff for inspection and copying.

1.) State whether Joe Allbaugh reviewed and approved Memorandum mentioned by Yates. State the duties of Joe Allbaugh as Director of Oklahoma DOC, produce his credential and when he was appointed ODOC Director, produce any disciplinary report and reasons he resigned, quiet, or was terminated. Produce affidavit from Defendant.

2.) State the duties of David Cincotta, Mark Knutson respectively, produce their credential and when they were appointed. State whether David Cincotta as Director of General Counsel know about the Memorandum mentioned in James Yates Affidavit. Produce the Memorandum. Produce affidavit from Defendant affirming or denying Memorandum exist or he sanctioned its creation.

Exh. 1, 1 of 5

3.) Produce the Memorandum that James Yates sworn affidavit state was created by D.O.C General Counsel, DCF Law Library Supervisory and Core Civic headquarters.

4.) State with specifity exactly what a Memorandum is, state its form and produce a "Example" of what a Memorandum looks like. This is request to show the Court we are all clear on how a Memorandum looks.

5.) State the duties of James Yates, produce his credentials and when he was hired as Warden at the Davis Correctional Facility (DCF) and his experience, how long has he worked in corrections.

6.) State the duties of M. Gentry, Assistant Warden DCF, produce his credentials and when he was hired and his experience, how long has he worked in Corrections.

7.) Produce State and Core Civic's written Contractual Agreement. Produce the number of inmates sent to outside specialist for serious medical needs June 2017 - June 220

8.) State the duties of Chief of Security Dorman, produce her credentials, when she was hired, how long has she worked in Corrections and her experience. Produce affidavit from Defendant affirming or denying she participated in drafting Memorandum mentioned by Yates, or has any knowledge of its existence.

9.) State the duties of Willa Burney, Law Library Supervisor, produce her credentials, when she was hire, when she was placed in her Supervisor's position, how long was she trained before she became Supervisor, her prior experience; produce all relevant documentation.

10.) State the produres for sending a inmate to a outside specialist, explain each step with specificity, state the policy of ODOC that is used, reasons, medical diagnosis. Produce any and all information on the medication Prednisone, its side effects, what type of drug it is, and whether it's good for the human body and FDA approved. (2)

Exh. 1, 2 of 5

11.) State the duties of Dr. Frederick Sanders, produce his credentials, ANY and ALL disciplinary action against Dr. Sander, product log in and out sheets for when he treated inmate on DCF Maximum Unit. Produce the referral that Dr. Sander submitted for Plaintiff to have MRI done on cervical spine, produce all chart entries made by Dr. Sanders about Plaintiff.

12.) Produce ANY and ALL disciplinary actions made against Core Civic; James Yates; M. Gentry; Chief J. Dorman; Willa Burney; Ms. Hamilton; Tiffany Ade; Terry Underwood; Mrs. Brill; Joe Allbaugh; David Cincotta; Mark Knutson; Ms. Hassan; Frederick Sanders, Ray Larimer; Serena Brewer; Keith Ivans; Sue Burlchatter, C.O. Romine. Produce affidavits from each Defendants affirming or denying they knew about Memorandum mentioned by Yates.

13.) State the duties of Ms. Hamilton; Tiffany Ade; Terry Underwood, Ms. Hassan, produce their credentials when each was hired, their experience in their field, and ANY and ALL disciplinary actions against them, when the quiet working at DCF.

14.) State the duties of Keith Ivans, the company he is employeed by, when he was hired, produce his credential and how long he has worked in his position.

15.) Produce ANY official document that describe duties of each and every Defendants and their job description, produce the documents.

16.) State the duties of Ray Larimer, Serena Brewer Mrs. Brill and Sue Burlchatter, if the duties are set forth in any job description, or other documents

(3)

Exh. 1, 3 of 5

produce the documents. Produce these defendants credential, when they were hire and their individual experience and when the quiet, resigned or was terminated, produce any incident reports, chart entries made by these defendant about the plaintiff.

17.) State with specificity what exactly did James Yates Affidavit mean by "differ slightly" concerning ODOC Policies OP-090124 and OP-030115, the "Memorandum" mentioned in the Affidavit stated that the "differences" were reviewed and approved by Oklahoma DOC; state with specificity what those "differences" were, produce an example of the "differences".

18.) Produce the EB-Unit/Pod Bunk Chart for June 1 to June 13, 2017; produce Bunk Charts for EC-113 Sept. 13, 2018 to Jan. 2019; produce every move that Tiffany Ade Assigned Plaintiff from Sep. 13, 2018 to Nov. 2018.

19.) Produce any and all misconducts reports, Incident Report, And the camera footage minute by minute report from Sept. 27, 2018 from EC-113, and keep the camera footage for evidentiary hearing for in Court viewing, of when Plaintiff was taken out of EC-113 on Sept. 27, 2018.

20.) Produce the Incident Report from June 12, 2017, 1:35 AM concerning Frederick Gray's attack against Plaintiff with a food tray, And where did the Captain move Plaintiff, produce the bunk chart, from June 12, 2017, 1:35 AM to July 1, 2017.

21.) State with specificity whether DCF Medical treat Plaintiff's "Lumbar and cervical degenerative disk disease with probable spinal stenosis with radiculopathy"; state with specificity what treatment was provided, produce the MRI-Radiologist Report, And explain the results in detail, layman terms.   (4)

Exh. 1, 4 of 5

21.) Produce the document Plaintiff filled out on Jan 7, 2019 for being placed on Protective Custody, Produce All request to staff Plaintiff submitted to be placed on Protective Custody Dec. 2018 - Jan. 8, 2019.

22.) Produce the referral submitted for the MRI to be done on Plaintiff cervical (neck), what happen to the MRI-Radiologist on Plaintiff Lumbar spine (lower, back). Produce MRI of Plaintiff's complete/entire spine. Produce the total number of inmates sent to outside specialist for their spinal degeneration.

Thank You,

Ezekiel Davis

Certificate of Service

I hereby certify that on 5-26-20 . I served a true and correct copy of the foregoing "Plaintiff's Request For Production of Documents, Electronically Stored Information, or Tangible Things With Interrogatories", postage pre-paid, mailed to:

Darrell L. Moore/
Julia L. Neftzger
P.O. Box 368
Pryor, Okla. 74362

Ezekiel Davis

Kari Y. Hawkins
Office of the Attorney General
313 NE 21st St,
Okla. City, Okla. 73105

Jessica L. Dark/ Russell L. Hendrickson
Pierce Couch Hendrickson Baysinger & ~~Green, LLP, P.O. Box 26350 Okla. City, Okla. 73126~~  (did not sent)

(5)

Exh: 1, 5 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      )        Case No. CIV-17-293-RAW-SPS
                                        )
CORE CIVIC, INC., ET AL.,               )
                                        )
              Defendants.               )

### DEFENDANTS ALLBAUGH, CINCOTTA AND KNUTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

Defendants Allbaugh, Cincotta and Knutson, by and through Assistant Attorney General Kari Y. Hawkins, submit the following responses and objections to Plaintiff's Discovery Requests.

### GENERAL RESPONSES AND OBJECTIONS

1.      Each of the following responses are made without waiving any objections, Defendant may have with respect to the subsequent use of these responses or any documents referred to herein.

2.      Defendant specifically reserves the following: (1) all questions and objections as to the competency, relevance, materiality and admissibility of responses contained herein; (2) the right to object to the use of responses set forth herein in any subsequent suit or proceeding in this action, on any or all of the foregoing grounds or on any other proper grounds; (3) the right to object to other discovery procedures involving or relating to responses contained herein, including



Exh. 2, 1 of 16

but not limited to the number of Requests provided herein, as well as all terms and definitions; and (4) the right, at any time, upon proper showing, to revise, correct or clarify any of the responses set forth herein.

3.      Defendant objects to any purported requirements of Plaintiff's Requests, which are beyond the requirements of the Federal Rules of Civil Procedure/Oklahoma Discovery Code.

4.      Defendant objects to any Request, which purports to require Defendant to supply information, which may be based "upon information and belief", to supply estimates in place of unknown information, and to specify any inability to answer a particular Request posed by Plaintiff such as requirements that exceed what is required by the Federal Rules of Civil Procedure/Oklahoma's Discovery Code. Defendant will supply information in response to Plaintiff's Requests pursuant to the provisions of the Federal Rules of Civil Procedure/Oklahoma Discovery Code.

5.      Defendant objects to any Request that seeks a response, which is covered by the attorney-client privilege, the "work product" privilege or doctrine and/or any matters prepared in anticipation of litigation or for trial by, or for, Defendant or its agents.

6.      Defendant objects to any Request that seeks a response, which would disclose mental impressions, conclusions, opinions or legal theories of any representative of Defendant concerning this lawsuit.


Exh. 2, 2 of 16

7.    Defendant objects to any Request, which purports to require Defendant to consider Plaintiff's Requests to be continuing, on the grounds that "continuing requests" are not permitted by the Federal Rules of Civil Procedure.

<u>QUALIFIED IMMUNITY OBJECTION</u>

Defendants' Motions to Dismiss, which raise the defense of qualified immunity, are currently pending at Docs. 239 and 284.   Discovery is one of the burdens from which public officials are sheltered by the immunity doctrine. *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) ("The protection of qualified immunity gives officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.") (citations and quotations omitted).   In *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), the United States Supreme Court ruled that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."   Plaintiff's discovery requests are therefore premature, and Defendants object to each of Plaintiff's Interrogatories, Requests for Production and Requests for Admission on this basis.   Any response is therefore subject to and without waiving the foregoing objection and any additional objections which may be raised below.

<u>RESPONSES AND OBJECTIONS TO INTERROGATORIES</u>

**Interrogatory No. 1**:   State whether Joe Allbaugh reviewed and approved memorandum mentioned by Yates.   DOC, produce his credential and when he was appointed, resigned, quiet, or was terminated.   Produce affidavit from Defendant.

*Page 3 of 16*

Exh. 2, 3 of 16

**ANSWER**:   Objection.   This discovery request is impermissibly compound, meaning it contains multiple requests.   Subject to and without waiving said objection, each component of the request will be answered and counted separately.

- Interrogatory: Assuming Plaintiff is referring to the memorandum mentioned in Defendant Yates' affidavit at Attachment 1 of the DCF Defendants' Special Report, the specific memorandum referenced therein has not been sufficiently identified by Plaintiff by date or in any other manner, and Defendant Allbaugh does not have a copy of the memorandum at issue in this action.  Defendant Allbaugh is therefore unable to confirm his familiarity with the specific document or his approval thereof.  Furthermore, Defendant will not speculate as to the contents of the memorandum in order to answer the instant discovery request.

- Request for Production:  With regard to Plaintiff's request that DOC produce Defendant Allbaugh's credentials and other records, <u>DOC is not a party to this action.</u>

- Request for Production:  With regard to Plaintiff's request that Defendant execute an affidavit, Defendant objects to producing any document that has to be created or does not already exist.

**Interrogatory No. 2**:   State the duties of David Cincotta, Mark Knutson, respectively, produce their credential and when they were appointed.   State whether David Cincotta as Director of General Counsel know about the Memorandum mentioned in James Yates affidavit.   Produce the memorandum. Produce affidavit from Defendant affirming or denying memorandum exist or he sanctioned its creation.

**ANSWER**:   Objection.   This discovery request is impermissibly compound, meaning it contains multiple requests.   Subject to and without waiving said objection, each component of the request will be answered and counted separately.



- Interrogatory:  Defendant Cincotta served as the previous General Counsel of the Legal Division of the Oklahoma Department of Corrections.  *See* 57 O.S. § 508.1, which sets forth the specific purpose of the legal division. <u>Defendant Knutson</u> currently serves as the Manager of the Administrative

*Page 4 of 16*



Exh. 2, 4 of 16

Review Authority and the Director's Designee in the administrative grievance process and misconduct appeal process. *See* DOC Policy OP-090124 (Inmate/Offender Grievance Process) and DOC Policy OP-060125 (Inmate/Offender Disciplinary Procedures).

- Request for Production: Assuming Plaintiff is referring to the memorandum mentioned in Defendant Yates' affidavit at Attachment 1 of the DCF Defendants' Special Report, the specific memorandum referenced therein has not been sufficiently identified by Plaintiff by date or in any other manner, and Defendant Cincotta does not have a copy of the memorandum at issue in this action. Defendant is therefore unable to confirm his familiarity with the memorandum at issue. Furthermore, Defendant will not speculate as to the contents of the memorandum in order to answer the instant discovery request.

- With regard to Plaintiff's request that Defendant execute an affidavit, Defendant objects to producing any document that has to be created or does not already exist

**Interrogatory No. 3**: Produce the Memorandum that James Yates sworn affidavit state was created by DOC General Counsel, DCF Law Library Supervisory and Core Civic Headquarters.

**ANSWER**: This discovery request is incorrectly labeled as an Interrogatory. It will therefore be treated and counted as a Request for Production.

- Request for Production: Defendants do not have a copy of the referenced memorandum.

**Interrogatory No. 4**: State with specificity exactly what a memorandum is, state its form and produce a "example" of what a memorandum looks like. This is request to show the court we are all clear on how a memorandum looks.

**ANSWER**: Defendants object to this discovery request as argumentative and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 5**: State the duties of James Yates, produce his credentials and when he was hired as warden at the Davis Correctional Facility (DCF) and his experience, how long has he worked in corrections.

*Page 5 of 16*


Exh. 2, 5 of 16

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 6**:  State the duties of M. Gentry, Assistant Warden DCF, produce his credentials and when he was hired and his experience, how long he has worked in corrections.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 7**:  Produce state and Core Civic's written contractual agreement.  Produce the number of inmates sent to outside specialist for serious medical needs June 2017-June 2020.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.  To the extent that it is, This discovery request is incorrectly labeled as an Interrogatory.  It will therefore be treated and counted as a Request for Production.

- Request for Production:  Defendants are named only in their individual capacities and do not have possession of or access to the records that are requested.

**Interrogatory No. 8**:  State the duties of Chief of Security Dorman, produce her credentials, when she was hired, how long has she worked in corrections and her experience.   Produce affidavit from Defendant affirming or denying she participated in drafting memorandum mentioned by Yates, or has any knowledge of its existence.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 9**:  State the duties of Willa Burney, Law Library Supervisor, produce her credentials, when she was hired, when she was placed in her supervisor's position, how long was she trained before she became supervisor, her prior experience; produce all relevant documentation.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.



**Interrogatory No. 10**:  State the procedures for sending a inmate to a outside specialist, explain each step with specificity, state the policy of ODOC that is used, reasons, medical diagnosis. Produce any and all information on the medication prednisone, its side effects what type of drug it is, and whether it's good for the human body and FDA approved.

**ANSWER**:  Objection.  This discovery request is impermissibly compound, meaning it contains multiple requests.  Subject to and without waiving said objection, each component of the request will be answered and counted separately.

- Interrogatory:  *See* DOC Policy OP-140121 (Outside Providers for Healthcare Management).

- Request for Production:  Defendants Allbaugh, Cincotta and Knutson do not possess the requested information about prednisone and thus none is produced.

**Interrogatory No. 11**:  State the duties of Dr. Frederick Sanders, produce his credentials, any and all disciplinary action against Dr. Sanders, product log in and out sheets for when he treated inmate on DCF Maximum Unit.  Produce the referral that Dr. Sanders submitted for Plaintiff to have MRI done on cervical spine. Produce all chart entries made by Dr. Sanders about Plaintiff.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 12**:  Produce any and all disciplinary actions made against Core Civic; James Yates; M. Gentry; Chief J. Dorman; Mrs. Brill; Joe Allbaugh; David Cincotta; Mark Knutson; Ms. Hassan; Frederick Sanders; Ray Larimer; Serena Brewer; Keith Ivans; Sue Burkhalter; C.O. Romine.  Produce affidavits from each Defendant affirming or denying they knew about memorandum mentioned by Yates.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 13**:  State the duties of Ms. Hamilton; Tiffany Ade; Terry Underwood; Ms. Hassan.  Produce their credentials when each was hired their

Exh1 2, 7 of 16

experience in their field, and any and all disciplinary actions against them, when they quit working at DCF.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 14**:  State the duties of Keith Ivans, the company he is employed by, when he was hired, produce his credentials and how long he has worked in his position.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 15**:  Produce any official document that describes duties of each and every Defendant and their job description. Produce the documents.

**ANSWER**:  This discovery request is incorrectly labeled as an Interrogatory.  It will therefore be treated and counted as a Request for Production.

- Request for Production:  *See* Answer to Interrogatory No. 2.  *See also* 57 O.S. § 507.

**Interrogatory No. 16**:  State the duties of Ray Larimer, Serena Brewer, Mrs. Brill, and Sue Burkhalter.  If the duties are set forth in any job description, or other documents produce the documents.  Produce these Defendants credentials, when they were hired and their individual experience and when they quit, resigned or was terminated.  Produce any incident reports, chart entries made by these Defendants about the Plaintiff.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

Interrogatory No. 17:  State with specificity what exactly did James Yates affidavit mean by "differ slightly" concerning ODOC Policy OP-090124 and OP-030115, the "Memorandum" mentioned in the Affidavit stated that the "differences" were reviewed and approved by Oklahoma DOC; state with specificity what those "differences" were, produce an example of the "differences".

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.



**Interrogatory No. 18**:  Produce the EB-Unit/Pod Bunk Chart for June 1 to June 13, 2017; produce Bunk Charts for EC-113 Sept. 13, 2018 to Jan. 2019; produce every move that Tiffany Ade assigned Plaintiff from Sep 13, 2018 to Nov. 2018.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 19**:  Produce any and all Misconduct Reports, Incident Reports, and the camera footage minute by minute report from Sept. 27 2018 from EC-113, and keep the camera footage for evidentiary hearing for in court viewing, of when Plaintiff was taken out of EC-113 on Sept. 27, 2018.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 20**:  Produce the Incident Report from June 12, 2017.  1:35 AM concerning Frederick Gray's attack against Plaintiff with a food tray, and where did the captain move Plaintiff, produce the bunk chart, from June 12, 2017 , 1:35AM to July 1, 2017.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 21**:  State with specificity whether DCF Medical treat Plaintiff's "Lumbar and Cervical degenerative disk disease with probably spinal stenosis with radiculopathy"; state with specificity what treatment was provided, produce the MRI-Radiologist Report, and explain the results in detail, layman terms.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Interrogatory No. 21**:  Produce the document Plaintiff filled out on Jan. 7, 2019 for being place on protective custody, produce all request to staff Plaintiff submitted to be placed on protective custody Dec. 2018 – Jan. 8. 2019.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.



**Interrogatory No. 22**:  Produce the referral submitted for the MRI to be done on Plaintiff cervical (neck), what happen to the MRI-Radiologist on Plaintiff lumbar spine (lower back). Produce MRI of Plaintiff's complete entire spine.  Produce the total number of inmates sent to outside specialist for their spinal degeneration.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

**Request No. 1**:  Plaintiff arrived at the Davis Correctional Facility on May 30, 2017.

**ANSWER**:  Plaintiff's Consolidated Record Card, previously submitted with the DOC's Special Report, speaks for itself and Defendants deny any characterization to the contrary.

**Request No. 2**:  Plaintiff was never seen or examined by Dr. Frederick Sanders on July 4, 2017 or at any time before or after that date.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 3**:  On May 30, 2017, Plaintiff was paced in the cell EB-106 with Frederick Gray #255135 a severely mentally ill inmate.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 4**:  Plaintiff's medication upon arrival was discontinued until I was to be seen by DCF-Medical Doctor, on May 30, 2017.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 5**:  On June 5, 2017 Plaintiff was prescribed prednisone and Neurontin 800 Mg., by Serena Brewer Nurse Practitioner. Produce was the medication prednisone is and whether if FDA approved, is prednisone good for the human body, what are its side effects, provide documentation.


Exh. 2, 10 of 16

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 6**:  Plaintiff was seen by Dr. Skelton, Mental Health and Dr. Hamilton, Mental Health, on June 6, 2017.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 7**:  On June 12, 2020, Frederick Gray attacked me with a food tray at 1:35 A.M., and was moved from the cell.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 8**:  On June 1, 2020, Plaintiff informed Willa Burney, Law Library Supervisor that I had several cases pending and had deadlines.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 9**:  Ms. Burney did not file several Request to Staff that was addressed to Asst. Warden Gentry, Perez, Dr. Skelton and several other DCF staff members in accordance with OP-090124.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 10**:  Serena Brewer, Nurse Practitioner is not a spinal specialist and do Ms. Brewer know how to diagnose or treat "Lumbar and cervical degenerative disk disease with probable spinal stenosis with radiculopathy".

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 11**:  Terry Underwood did not assist Plaintiff in correcting the affidavit required for inmates on grievance restriction to list all grievances filed within the last (12) months.



**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 12**:  The DCF Doctor Frederick Sanders did not come to the Maximum Unit to treat inmates June 2017 to Jan. 2019.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 13**:  The DCF Nurse Practitioner Ray Larimer did not come to the Maximum Unit to treat inmates June 2017 to Jan. 2019

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 14**:  Plaintiff was sent to Holdenville General Hospital on Sept. 17, 2018 for MRI only on Plaintiff's cervical and not Plaintiff entire back or the referral of Dr. Frederick Sander whom has never physical diagnosed me.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 15**:  Plaintiff MRI-Radiologist Report shows disk degeneration.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 16**:  Plaintiff was place in a cell with a young gang member on Sept. 14, 2018, and on Sept. 27, 2018 Plaintiff was stabbed above the right eye  and beaten.  Tiffany Ade assigned Plaintiff to the cell when she knew I had requested to not be placed in a cell with gang members.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 17**:  Plaintiff was transferred due to Tiffany Ade insisting on placing me in cells with gang member after I reported that in my 30 years in prison I have been in conflicts with them!

*Page 12 of 16*



**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.  To the extent that it is, the Request is denied.

**Request No. 18**:  James Yates and Willa Burney submitted affidavits that DCF as a private prison was allowed to implement two (2) major policies that "differ slightly", James Yates affidavit states that ODOC General Counsel, DCF Law Library, and Core Civic headquarters created a memorandum.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 19**:  The affidavit by James Yates stated that the "differences" were reviewed by Oklahoma DOC and approved, any approval to any "differences" in policy would have written approval from Director Joe Allbaugh.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 20**:  At the end of each Oklahoma DOC Policy under "action" it states, "any exceptions to the procedure will require prior written approval from the agency director", the "agency director at the time was Joe Allbaugh.

**ANSWER**:  The contents of DOC Policies and Procedures speak for themselves and Defendants deny any characterization to the contrary.

**Request No. 21**:  The affidavit by James Yates does state that a Memorandum was created and Oklahoma DOC policies grievance process OP-090124 and law library/access to court OP-030115 were the two (2) mentioned policies that was said to "differ slightly"

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 22**:  David Cincotta was the Director of ODOC General Counsel in June 2017 to Jan. 2019, and has seen the memorandum.

**ANSWER**:  Assuming Plaintiff is referring to the memorandum mentioned in Defendant Yates' affidavit at Attachment 1 of the DCF Defendants' Special Report, the specific memorandum referenced therein has not been sufficiently identified by Plaintiff by date or in any other manner, and Defendant Cincotta does not have a



copy of the memorandum at issue in this action. Defendant will not speculate as to the contents of the memorandum in order to answer the instant discovery request. Defendant is therefore unable to admit or deny this request and therefore denies the same.

**Request No. 23**:  Mark Knutson was the Director Designee in June 2017 Jan. 2020, and has seen the memorandum.

**ANSWER**:  Assuming Plaintiff is referring to the memorandum mentioned in Defendant Yates' affidavit at Attachment 1 of the DCF Defendants' Special Report, the specific memorandum referenced therein has not been sufficiently identified by Plaintiff by date or in any other manner, and Defendant Knutson does not have a copy of the memorandum at issue in this action. Defendant will not speculate as to the contents of the memorandum in order to answer the instant discovery request. Defendant is therefore unable to admit or deny this request and therefore denies the same.

**Request No. 24**:  Sue Burkhalter is a nurse practitioner in Mississippi that prove medical service to inmates at DCF.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 25**:  Core Civic is responsible for the training and supervision of its employees and those that Core Civic contract with for inmate medical care.  Core Civic is in a contractual agreement with the state of Oklahoma to provide ODOC prisoner medical.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 26**:  Core Civic is aware of the Memorandum that James Yates is referring to in his affidavit.

**ANSWER**:  This discovery request does not appear to be directed at Defendants Allbaugh, Cincotta and Knutson.

**Request No. 27**:  The Defendants are aware of what a memorandum looks like in form, that it has to be endorsed, from someone, to someone.


Exh. 2, 14 of 16

**ANSWER**:  Defendants object to this discovery request as argumentative and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28**:  Joe Allbaugh, Oklahoma DOC Director, would have to approve in writing any implementations to ODOC Policies that "differ slightly".

**ANSWER**:  The contents of DOC Policies and Procedures speak for themselves and Defendants deny any characterization to the contrary.

Respectfully submitted,

/s/ Kari Y. Hawkins
**KARI Y. HAWKINS, OBA #19824**
Assistant Attorney General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:  (405) 521-3921
Facsimile:  (405) 521-4518
Email:  Kari.Hawkins@oag.ok.gov
*Attorney for Defendants Allbaugh, Cincotta and Knutson*



<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of June, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal by U.S. Mail to the following person who is not an ECF registrant:

Ezekiel Davis, DOC # 186754
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK  74502
*Plaintiff Pro se*

I further certify that on the 26th day of June, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of the Notice of Electronic Filing to the following ECF registrants:

Darrell Moore                        Jessica Dark
Julia Neftzger                       Russell Hendrickson
P.O. Box 368                         P.O. Box 26350
Pryor, OK  74362                     Oklahoma City, OK  73126


/s/Kari Y. Hawkins
Kari Y. Hawkins

