IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
    PLAINTIFF,

v.

CORE CIVIC, INC.,
et al.,
    DEFENDANTS.

Case No. CIV-17-293-JFH-SPS

FILED
JUL 17 2020
PATRICK KEANEY
Clerk, U.S. District Court
Deputy Clerk

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

COME NOW Ezekiel Davis, Plaintiff appearing pro se in the above entitled case moves with this motion pursuant to Rule 37, Fed. R. Civ. P.

### STATEMENT OF CASE

Plaintiff, filed 42 U.S.C. sec. 1983 against certain private prison officials while housed at the Davis Correctional Facility (DCF), in Holdenville, Okla., seeking damages, for violation of my First, Eighth and Fourteenth Amendments, and for being engaged in a Civil Conspiracy (Section 1983).

### STATEMENT OF FACTS

On May 26, 2020, Plaintiff served a request for production of documents with interrogatories pursuant to Rule 33 and 34 Fed. R.Civ.P. based on the allegation in Complaint, denial of First Amendment Rights to Redress and denial of Eighth Amendment rights

to adequate medical care by a qualified physician, and requesting Defendants produce the "Memorandum". The Defendants have failed to respond those at DCF/CoreCivic, did not make any effort to obtain an extension from the court or make any objections.

## ARGUMENT

### DEFENDANTS AT DAVIS CORRECTION FACILITY AND CORE CIVIC HAVE FAILED TO RESPOND TIMELY TO THE REQUEST AND HAVE WAIVED THEIR OBJECTION

The Rules provide that responses and objections to request for production of documents and interrogatories are to be served within 30 days of the request unless the court grants a shorter or longer time. Rules 33 and 34. The Defendants did not respond within the 30 day time frame.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts." Godsey v. United State, 133 F.R.D. 111, 113 (S.D. Miss. 1990); Accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 368 (D. Conn. 2005); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 670-73 (C.D. Cal. 1998); Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited. This waiver is enforced even if the objections are based on a claim of privileged. Marx v. Kelly Hart & Halman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Fonville v. District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C. 2005); Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan. 1986) and cases cited. The noncomplying party is excused from the waiver only if the discovery is "patently

improper," Godbey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass.1988); accord U.S. ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996).

As shown in the next argument, the discovery sought is not only proper but is highly appropriate and relevant.

## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

The Defendants failed to respond or object to this set of request for documents and interrogatories.

However, in July 2018 the Defendants did make objections to Plaintiff's Second Motion For Production of Documents and Admissions claiming they were premature because Defendants had a "Motion For Summary Judgment" on filed, however "the District Court's failure to address Defendant's Motion to Dismiss or immunity, it may be properly construed as an implicit denial. See: Stewart v. Oklahoma, 292 F.3d 1257, 1260 (10th Cir. 2002).

The Defendants refuses to comply with the Court Order (Doc. No. 278) and cannot stand upon the same reasons for objection. Plaintiff in June 2018 sent Defendant Core Civic, Inc., James Yates, Burney, Sanders, Larimer, and Dorman and Underwood Interrogatories that were objected to as premature, stating Plaintiff had failed to exhaust and Defendants have a "Motion For Summary Judgment" on file.

Plaintiff's discovery request are appropriate and relevant to Plaintiff's claims and defenses see: Rule 26(b)(1), Fed.R.Civ.P.; Rule 26(b)(2)(C).; Marriott Int'l Resort, L.P. v. U.S., 437 F.3d 1302, 1307 (Fed. Cir. 2006); Sun Oil Co. v. U.S., 514 F.2d 1020, 1024 (Cl. Ct. 1975); Kincy v. Mitchell, 67 F.R.D. at 11; Rule 401, Fed. R. Evid..

The Defendants should to compelled to comply with Plaintiff's

(3)

discovery request. See Exhibits Attached 1, 1 of 5, 2, 1 of 5.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to compel discover.

Respectfully submitted,

Ezekiel Davis

## Certificate of Service

I hereby certify that on 7-15-20 I served a true and correct copy of the foregoing to the Clerk of Court requesting the attached document be forwarded using the ECF System to the attorneys on record in this matter, that are ECF registrants

Darrell L. Moore
Kari Y. Hawkins, Asst. Att. Gen.

Ezekiel Davis

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
    PLAINTIFF,

v.

CORE CIVIC, INC.,
et al.,
    DEFENDANTS.

Case No. CIV-17-293-RAW-SPS

## DECLARATION IN SUPPORT OF MOTION TO COMPEL

1.) I am the Plaintiff in this case. I make this declaration in support of my motion to compel discovery.

2.) On May 26, 2020, I sent the Defendants Counsel Motions Request for production with interrogatories, Exhibit 1, 1 of 5; and Request for Admissions Exhibit 2, 1 of 5, and the Defendants failed to response or object within 30 days.

3.) The Defendants have not requested and extension of time from this Court.

4.) Plaintiff has only received a response to old discovery request from July 2018 in which Defendants objected and state discovery was premature - alleging Plaintiff has failed to exhaust and the Defendants had a Motion for Summary Judgment pending at that time (July 2018).

5.) The Defendants have failed to respond and object to Plaintiff's discovery request and have waived their right to object at this time.

6.) Plaintiff's request are relevant in accordance with Rule 401, Fed. R. Evid., to the claims and defenses in this case.

7.) Plaintiff motion to compel is appropriate and proper at this time.

Pursuant to 28 U.S.C. sec. 1746. I declare under penalty of perjury that the foregoing is true and correct.

                                                    /s/ Ezekiel Davis    / 7-15-20
                                                    SIGNATURE        DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
       PLAINTIFF,

v.

CORE CIVIC, INC.,
et al.,
       DEFENDANTS

Case No. CIV-17-293-RAW-SPS

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS WITH INTERROGATIES

COMES NOW EZEKIEL DAVIS, Plaintiff appearing pro se in the above entitled case moves with this motion, pursuant to Rules 33 and 34 Fed. R. Civ. P.. Plaintiff submits the following request for documents and interrogatories to the Defendants. You are directed to answer each of the interrogatories under oath in writing and provide Plaintiff with copies of each of the request documents or make them available to the Plaintiff for inspection and copying.

1.) State whether Joe Allbaugh reviewed and approved Memorandum mentioned by Yates. State the duties of Joe Allbaugh as Director of Oklahoma DOC, produce his credential and when he was appointed ODOC Director, produce any disciplinary report and reasons he resigned, quiet, or was terminated. Produce affidavit from Defendant.

2.) State the duties of David Cincotta, Mark Knutson respectively, produce their credential and when they were appointed. State whether David Cincotta as Director of General Counsel know about the Memorandum mentioned in James Yates Affidavit. Produce the Memorandum. Produce affidavit from Defendant Affirming or denying Memorandum exist or he sanctioned its creation.

Exh. 1, 1 of 5

3.) Produce the Memorandum that James Yates sworn affidavit state was created by DOC General Counsel, DCF Law Library Supervisory and Core Civic headquarters.

4.) State with specifity exactly what a Memorandum is, state its form and produce a "example" of what a Memorandum looks like. This is request to show the Court we are all clear on how a Memorandum looks.

5.) State the duties of James Yates, produce his credentials and when he was hired as Warden at the Davis Correctional Facility (DCF) and his experience, how long has he worked in Corrections.

6.) State the duties of M. Gentry, Assistant Warden DCF, produce his credentials and when he was hired and his experience, how long has he worked in Corrections.

7.) Produce State and Core Civic's written Contractual Agreement. Produce the number of inmates sent to outside specialist for serious medical needs June 2017 - June 2020.

8.) State the duties of Chief of Security Dorman, produce her credentials, when she was hired, how long has she worked in Corrections and her experience. Produce Affidavit from Defendant affirming or denying she participated in drifting Memorandum mentioned by Yates, or has any knowledge of its existence.

9.) State the duties of Willa Burney, Law Library Supervisor, produce her credentials, when she was hire, when she was placed in her Supervisor's position, how long was she trained before she became supervisor, her prior experience; produce all relevant documentation.

10.) State the produres for sending a inmate to a outside specialist, explain each step with specificity, state the policy of ODOC that is used, reasons, medical diagnosis. Produce any and all information on the medication Prednisone, its side effects, what type of drug it is, and whether it's good for the human body and FDA approved. (2)

[Exh. 1, 2 of 5]

11.) State the duties of Dr. Frederick Sanders, produce his credentials, Any and All disciplinary action against Dr. Sanders, product log in and out sheets for when he treated inmate on DCF Maximum Unit. Produce the Referral that Dr. Sander submitted for Plaintiff to have MRI done on cervical spine, produce all chart entries made by Dr. Sanders about Plaintiff.

12.) Produce Any and All disciplinary actions made against Core Civic; James Yates; M. Gentry; Chief J. Dorman; Willa Burney; Ms. Hamilton; Tiffany Ade; Terry Underwood; Mrs. Brill; Joe Allbaugh; David Cincotta; Mark Knutson; Ms. Hassan; Frederick Sanders; Ray Larimer; Serena Brewer; Keith Ivans; Sue Burlchatter; C.O. Romilie. Produce affidavits from each Defendants affirming or denying they knew about Memorandum mentioned by Yates.

13.) State the duties of Ms. Hamilton; Tiffany Ade; Terry Underwood, Ms. Hassan, produce their credentials when each was hired, their experience in their field, and Any and All disciplinary actions against them, when the quiet working at DCF.

14.) State the duties of Keith Ivans, the company he is employed by, when he was hired, produce his credential and how long he has worked in his position.

15.) Produce Any official document that describe duties of each and every Defendants and their job description, produce the documents.

16.) State the duties of Ray Larimer, Serena Brewer Mrs. Brill and Sue Burlchatter, if the duties are set forth in any job description, or other documents

(3)

Exh. 1, 3 of 5

produce the documents. Produce these defendants credential, when they were hire and their individual experience and when the quiet, resigned or was terminated, produce any incident reports, chart entries made by these defendant about the Plaintiff.

17.) State with specificity what exactly did James Yates Affidavit mean by "differ slightly" concerning ODOC Policies OP-090124 and OP-030115, the "Memorandum" mentioned in the Affidavit stated that the "differences" were reviewed and approved by Oklahoma DOC; state with specificity what those "differences" were, produce an example of the "differences".

18.) Produce the EB-Unit/Pod Bunk Chart for June 1 to June 13, 2017; produce Bunk Charts for EC-113 Sept. 13, 2018 to Jan. 2019; produce every move that Tiffany Ade assigned Plaintiff from Sep. 13, 2018 to Nov. 2018.

19.) Produce any and all misconducts reports, Incident Report, and the camera footage minute by minute report from Sept. 27, 2018 from EC-113, and keep the camera footage for evidentiary hearing for in Court viewing, of when Plaintiff was taken out of EC-113 on Sept. 27, 2018.

20.) Produce the Incident Report from June 12, 2017, 1:35 AM concerning Frederick Gray's attack against Plaintiff with a food tray, and where did the Captain move Plaintiff; produce the bunk chart, from June 12, 2017, 1:35 AM to July 1, 2017.

21.) State with specificity whether DCF Medical treat Plaintiff's "Lumbar and Cervical degenerative disk disease with probable spinal stenosis with radiculopathy", state with specificity what treatment was provided, produce the MRI-Radiologist Report, and explain the results in detail, layman terms.

(4)

Exh. 1, 4 of 5

21.) Produce the document Plaintiff filled out on Jan 7, 2019 for being placed on Protective Custody, Produce all request to staff Plaintiff submitted to be placed on Protective Custody Dec. 2018 – Jan. 8, 2019.

22.) Produce the referral submitted for the MRI to be done on Plaintiff cervical (neck), what happen to the MRI-Radiologist on Plaintiff Lumbar spine (lower back). Produce MRI of Plaintiff's complete/entire spine. Produce the total number of inmates sent to outside specialist for their spinal degeneration.

Thank you,
Ezekiel Davis

## Certificate of Service

I hereby certify that on 5-26-20 I served a true and correct copy of the foregoing "Plaintiff's Request For Production of Documents, Electronically Stored Information, or Tangible Things With Interrogatories", postage pre-paid, mailed to:

Darrell L. Moore/
Julia L. Neftzger
P.O. Box 368
Pryor, Okla. 74362

Ezekiel Davis

Kari Y. Hawkins
Office of the Attorney General
313 NE 21st St.
Okla. City, Okla. 73105

~~Jessica L. Dark / Russell L. Hendrickson~~
~~Pierce Couch Hendrickson Baysinger &~~
~~Green, LLP., P.O. Box 26350~~
~~Okla. City, Okla. 73126~~
(Did not sent)

(5)

[Exh: 1, 5 of 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
    PLAINTIFF,

v.

CORE CIVIC, INC.,
et al.,
    DEFENDANTS

CASE No. CIV-17-293-RAW-SPS

## PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW Ezekiel Davis, Plaintiff appearing pro se in the above entitled case moves with this motion. Pursuant to Rule 36, Fed. R. Civ. P., Plaintiff requests the Defendants to make the following admissions within 30 days after the service of this request, and answer or object stating specifically the reason(s) for doing so.

1. Plaintiff arrived at the Davis Correctional Facility on May 30, 2017.

2. Plaintiff was **NEVER** seen or examined by Dr. Frederick Sanders on July 4, 2017 or at _any_ time ~~before~~ or ~~after~~ that date.

3. On May 30, 2017, Plaintiff was placed in the cell EB-106 with Frederick Gray #255135 a severely mentally ill inmate.

4. Plaintiff's medication upon arrival was discontinued until I was to be seen by DCF-Medical Doctor, on May 30, 2017.

5. On June 5, 2017 Plaintiff was prescribed Prednisone and Neurotin 800 mg., by Serena Brewer Nurse Practitioner. Produce was the medication Prednison is and whether if FDA approved, is prednisone good for the human body, what are its side effects, provide documentation.

Exhibit 2, 1 of 5.

6. Plaintiff was seen by Dr. Skelton, Mental Health and Dr. Hamilton, Mental Health on June 6, 2017.

7. On June 12, 2020, Frederick Gray attacked me with a food tray at 1:35 A.M., and was moved from the cell.

8. On June 1, 2020, Plaintiff informed Willa Burney, Law Library Supervisor that I had several cases pending and had deadlines.

9. Ms. Burney did not file several Request to Staff that was addressed to Asst. Warden Gentry, Perez, Dr. Skelton and several others. DCF Staff members in accordance with OP-090124.

10. Serena Brewer, Nurse Practitioner is not a spinal specialist and do Ms. Brewer know how to diagnose or treat "Lumbar and cervical degenerative disk disease with probable spinal stenosis with radiculopathy."

11. Terry Underwood did not assist Plaintiff in correcting the affidavit required for inmates on grievance restriction to list all grievances filed within the last (12) months.

12. The DCF Doctor Frederick Sanders did not come to the Maximum Unit to treat inmates June 2017 to Jan. 2019.

13. The DCF Nurse Practitioner Ray Larimer did not come to the Maximum Unit to treat inmates June 2017 to Jan. 2019.

14. Plaintiff was sent to Holdenville General Hospital on Sept. 17, 2018 for MRI only on Plaintiff's cervical and not Plaintiff entire back or the referral of Dr. Frederick Sander whom has never physical

(2)    {Exh. 2, 2 of 5}

diagnosed me.

15. Plaintiff MRI-Radiologist Report shows disk degeneration.

16. Plaintiff was place in a cell with a young gang-member on Sept. 14, 2018, and on Sept. 27, 2018 Plaintiff was stabbed above the right eye and beaten. Tiffany Ade assigned Plaintiff to the cell when she knew I had requested to not be placed in a cell with gang members.

17. Plaintiff was transferred due to Tiffany Ade insisting on placing me in cells with gang member after I reported that in my 30 years in prison I have been in conflicts with them.

18. James Yates and Willa Burney submitte affidavits that DCF as a private prison was allowed to implement two (2) major policies that "differ slightly", James Yates affidavit states that ODOC General Counsel, DCF Law Library, and Core Civic head quarter create a Memorandum.

19. The Affidavit by James Yates stated that the "differences" were reviewed by Oklahoma DOC and approved, any approval to any "differences" in policy would have written approval from Director Joe Allbaugh.

20. At the end of each Oklahoma DOC Policy under "Action" it states, "Any exceptions to the procedure will require prior written approval from the agency director," the "agency director at that time was Joe Allbaugh.

21. The Affidavit by James Yates does state that a Memorandum was created and Oklahoma DOC Policies Grievance

(3)                     Exh. 2, 3 of 5

Process, OP-090124 and Law Library/Access to Court OP-030115 were the two (2) mentioned policies that was said to "differ slightly."

22. David Cincotta was the Director of ODOC General Counsel in June 2017 to Jan. 2019, and has seen the Memorandum.

23. Mark Knutson was the Director Designee in June 2017 Jan 2020, and has seen the Memorandum.

24. Sue Burkhalter, is a Nurse Practitioner in Mississippi that prove medical service to inmates at DCF.

25. Core Civic is responsible for the training and supervision of its employees and those that Core Civic contract with for inmate medical care. Core Civic is in a contractual agreement with the State of Oklahoma to provide ODOC prisoner medical.

26. Core Civic is aware of the Memorandum that James Yates is referring to in his affidavit.

27. The Defendants are aware of what a Memorandum looks like in form, that it has to be endorsed, from someone, to someone.

28. Joe Allbaugh, Oklahoma DOC Director, would have to approve in writing any implementations to ODOC Policies that "differ slightly."

Thank You,
Ezekiel Davis
Date: 5-26-20

(4)   Exh. 2, 4 of 53

## Certificate of Service

I hereby certify that on 5-26-20 I served a true and correct copy of the foregoing "Plaintiff's Request For Admissions", postage pre paid, mailed to:

Darrell L. Moore/
Julia L. Neftzger
J. Ralph Moore, PC
P.O. Box 368
Pryor, Okla. 74362

Kari Y. Hawkins
Office of the Attorney General
313 NE 21st St.
Okla. City, Okla. 73105

~~Jessica L. Dark/~~
~~Russell L. Hendrickson~~  Did not send
~~Pierce Couch Hendrickson Baysinger &~~
~~Green, LLP~~
~~P.O. Box 26350~~
~~Okla. City, Okla.~~
~~73126~~

Ezekiel Davis

{Exhibit 2, 5 of 5}

(5)