# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EZEKIEL DAVIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV 17-293-JFH-SPS |
| | ) |
| **CORECIVIC, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ezekiel Davis ("Plaintiff") is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. He brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at OSP and Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma. The DOC Defendants are Joe M. Allbaugh, David Cincotta, and Mark Knutson ("DOC Defendants"). The remaining DCF Defendants are CoreCivic, Inc.; Warden James Yates; Assistant Warden Gentry; FNU Dorman; Willa Burney; Ms. Hamilton; Tiffany Ade; Brittney Summers-Hope; Terry Underwood; Mrs. Brill; Ms. Hassan; Dr. Frederick Sanders; Ray Larimer; Serena Brewer; Dr. Keith Ivans; Sue Burkhalter; and FNU Romine ("DCF Defendants"). Plaintiff has filed numerous requests for relief as discussed below.

**Motion for Jury Trial and Submission of Direct Evidence (Dkt. No. 247)**

Plaintiff has filed a motion for submission of direct evidence and for a jury trial on

all remaining legal claims (Dkt. No. 247). As an initial matter, Plaintiff is advised that pursuant to Local Civil Rule 7.1(b), each request for relief must be filed as a separate motion. In the interest of judicial economy in this instance, however, the Court will consider both of Plaintiff's requests.

Plaintiff states he wants to submit newly discovered evidence that was not provided in the special report filed by DCF Defendants (Dkt. No. 40). The evidence is a radiology report of Plaintiff's MRI performed on September 17, 2018 (Dkt. No. 247 at 10-11). The Court hereby GRANTS this portion of the motion and directs the Court Clerk to file the radiology report as a response to the special report filed by the DCF Defendants (Dkt. No. 40).

Regarding Plaintiff's request for a jury trial, the motion is DENIED with leave to re-urge the motion after disposition of the defendants' pending dispositive motions (Dkt. Nos. 239, 284, 305, 306).

**Motion to Find Defendants in Contempt of Court for Committing Fraud on the Court and Misrepresenting the Facts (Dkt. No. 251)**

In a rambling and repetitive motion, Plaintiff alleges, among other things, that Defendants committed fraud when they: (1) falsely placed him on grievance restriction; (2) stated in the special report that a memorandum was created regarding law library polices, but failed to include it in the special report; (3) alleged Plaintiff had abused the grievance process and placed him on grievance restriction, but misrepresented the facts of the abuse; (4) provided him with a copy of a "notice" instead of the above-mentioned

2

"memorandum;" (5) advised the U.S. Marshals Service that Defendant Lisa Williams no longer is employed at OSP;[1] (6) filed an incomplete special report in his Case No. CIV 18-396-RAW-SPS; (7) failed to schedule a medical appointment with Mr. Marla; (8) denied him medical testing for his loss in body mass; and (9) held him in segregated housing under false pretenses without his legal documents.

The Court has carefully reviewed Plaintiff's motion and finds no evidence of fraud on the Court and no evidence of contempt of court. Plaintiff is merely reiterating the claims in his amended complaint, arguing issues in another civil rights action, and attempting to add grounds for relief. All new claims must be presented in a separate civil rights action, and Plaintiff may not present arguments concerning another lawsuit. Plaintiff's Motion to Find Defendants in Contempt of Court for Committing Fraud on the Court and Misrepresenting the Facts (Dkt. No. 251) is DENIED.

**Motion to Declare Defendants Have Committed Perjury (Dkt. No. 275)**

Plaintiff has filed a motion asking the Court to declare that Defendants have perjured themselves and committed fraud on the Court (Dkt. No. 275). He specifically complains that certain attachments to DCF Defendants' special report (Dkt. No. 40) include affidavits by DCF Defendants James Yates and Willa Burney regarding the DOC Grievance Policy (OP-090124) and the Access to Courts/Law Libraries Policy (OP-030115) (Dkt. No. 40-1

---

[1] Lisa Williams is not a defendant in this case.

3

at 3; Dkt. No. 40-2 at 3). The affidavits state that because DCF is a private prison, certain procedures and practices for the implementation of these policies may differ slightly from those at DOC facilities (Dkt Nos. 40-1 and 40-2). Defendant Yates' affidavit also states that a memorandum concerning access to DCF law library services was prepared by the DCF law library supervisor, the DOC General Counsel's office, and DCF's corporate headquarters (Dkt. No. 40-1 at 5).

Plaintiff contends that because he has not been able to obtain a copy of this "memorandum," he believes it does not exist. Plaintiff instead references a copy of a "notice" which is not endorsed by DOC Director Joe Allbaugh and does not include the information that Warden Yates and Law Library Supervisor Burney claimed in their affidavits (Dkt. No. 1-1 at 9). Plaintiff contends this is proof of a fraud on the court and perjury. Plaintiff also asserts Defendant Dr. Sanders has perjured himself (Dkt. No. 275 at 6), however no valid reference to the record is stated.

The Court has reviewed the affidavits and finds there is no evidence of perjury or fraud on the Court. The fact that the defendants' affidavits reference a "memorandum," while Plaintiff's document regarding DCF law library access is titled as a "notice," does not constitute perjury. Therefore, Plaintiff's Motion to Declare Defendants Have Committed Perjury (Dkt. No. 275) is DENIED.

**Motion Requesting Order Allowing Additional Legal Material (Dkt. No. 279)**

Plaintiff also has filed a motion requesting an order requiring the defendants to allow

him to have all of his legal documents and books at OSP (Dkt. No. 279), which the Court construes as a motion for a preliminary injunction. He alleges he is disadvantaged by the DOC policy limiting him to one cubic foot of legal material in his cell. He claims he was allowed to have all his legal property prior to February 11, 2020, when he was placed in the segregated housing unit, and all his legal documents were confiscated. On April 10, 2020, he was allowed to have one cubic foot of legal property, however, his material had been removed from manilla envelopes and plastic folders and were in disarray. Plaintiff complains that Defendants' system regarding possession of his legal materials will hinder his ability to meet the scheduling order deadlines, because he is required to submit a Request to Staff (RTS) to exchange the legal material in his cell for pertinent documents in storage. Further, OSP Warden Tommy Sharp has delegated this issue to Ms. Bowling, a case manager, who allegedly has not responded to Plaintiff's RTS.

The DOC Defendants have filed a response to the motion (Dkt. No. 285). They allege, among other things, that Plaintiff's motion is an improper attempt to further amend his amended complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, No. CIV-06-840-F, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished order)

(denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint.") (citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). *See also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

OSP Warden Sharp and Case Manager Ms. Bowling are not parties to this action, and the individual DOC Defendants (Joe Allbaugh, David Cincotta, and Mark Knutson)

6

are not mentioned in Plaintiff's motion.[2]   Further, Plaintiff's amended complaint (Dkt. No. 169) does not include allegations concerning the denial of his legal material or access to the courts arising from his incarceration at OSP.

In a request for a preliminary injunction, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).   Further, a preliminary injunction may not issue "to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Little*, 607 F.3d at 1251.   Because Plaintiff is seeking injunctive relief on a claim that is not pending in this case against the DOC Defendants, his request cannot be granted.   Plaintiff's Motion Requesting Order Allowing Additional Legal Material (Dkt. No. 279) is DENIED.

**Plaintiff's Fifth Motion for Appointment of Counsel (Dkt. No. 280)**

Plaintiff has filed a fifth motion for appointment of counsel (Dkt. No. 280), his four prior motions (Dkt. Nos. 49, 110, 136, 232) having been denied (Dkt. Nos. 91, 167, 256). He complains that he has been on the OSP segregation housing unit since February 11, 2020, and is limited to only one cubic foot of his legal materials.   He also claims his case includes complex medical issues, and he is unable to investigate or present his own expert

---

[2]  The DOC Defendants note that they are sued in their individual capacities, and Defendants Allbaugh and Cincotta no longer are employed by DOC (Dkt. No. 8 at 1, Dkt. No. 169 at 9-10).

7

witness or read and understand his MRI.

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). The Court, however, finds that Plaintiff is merely reasserting the same arguments he made in his earlier motions for appointment of counsel. After yet another review of the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts, *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985), the Court again concludes that appointment of counsel is not warranted. Therefore, Plaintiff's Fifth Motion for Appointment of Counsel (Dkt. Nos. 280) is DENIED.

**Motion for Appointment of Expert Witness (Dkt. No. 299)**

Plaintiff next asks the Court to appoint a medical expert witness to testify at trial about the standard of care with respect to his medical condition and his medical test results (Dkt. No. 299). "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed" in a particular case and "may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). "An indigent defendant requesting appointment of an investigator or expert bears the burden of demonstrating with particularity that 'such services are necessary to an adequate defense.'"
*Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (quoting *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986)). The Tenth Circuit has noted, however, that "courts

rarely exercise the power" to appoint medical experts. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (citations omitted).

The record shows the defendants have pending motions to dismiss or for summary judgment (Dkt Nos. 239, 284, 305, 306). For that reason, the Court finds the consideration of an expert witness for trial would be premature at this point in the litigation. Thus, Plaintiff's Motion for Appointment of Expert Witness (Dkt. No. 299) is DENIED WITHOUT PREJUDICE.

**Motion for Order for Service of Subpoena Duces Tecum (Dkt. No. 300)**

Plaintiff has filed a motion for service of a subpoena duces tecum on the Oklahoma Department of Corrections (Dkt. No. 300), which the Court construes as a motion to compel. He also has filed two briefs "in support of motion to compel discovery," the first apparently directed to the DOC Defendants (Dkt. No. 301), and the second directed to the DCF Defendants (Dkt. No. 302).

Plaintiff alleges that on May 26, 2020, he served the DOC Defendants with a "request for production of documents, electronically stored information, or tangible things with interrogatories" (Dkt. No. 301 at 10-14). Plaintiff further asserts that on July 2, 2020, he received Defendants Allbaugh, Cincotta, and Knutson's responses and objections to the discovery requests (Dkt. No. 301 at 15-29).

Plaintiff complains that the DOC Defendants have refused to comply with the Court's scheduling order (Dkt. No. 278), instead asserting among other objections, a

9

"qualified immunity objection" in their motions to dismiss or for summary judgment (Dkt. Nos. 239, 284, 306). In addition, the DOC Defendants asserted that many of Plaintiff's requests did not appear to be directed to the DOC Defendants, certain requested documents were not clearly identified, and a response would have required the creation of a document that did not already exist (Dkt. No. 301 at 18-29). The DOC Defendants maintain their discovery responses were sufficient, and Plaintiff's discovery requests are premature (Dkt. No. 303).

Qualified immunity is an affirmative defense that shields governmental officials from personal liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988). "The protection of qualified immunity gives officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (citations and internal quotations omitted). *See also Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988). Therefore, Plaintiff's motion for service of subpoena duces tecum on the Oklahoma Department of Corrections (Dkt. No. 300) is DENIED WITHOUT PREJUDICE.

Regarding Plaintiff's requests directed to DCF Defendants in his brief in support of motion to compel discovery (Dkt. No. 302), the Court construes the brief as a motion to

10

compel. The DCF Defendants are directed to respond to the motion to compel (Dkt. No. 302) within fourteen (14) days.

**Motion for Extension of Time (Dkt. No. 304)**

Finally, Plaintiff has filed a motion requesting an unspecified extension of time for his deadline to file a dispositive motion (Dkt. No. 304).   He complains that the defendants are not cooperating in discovery and are withholding a certain legal document he needs to file a dispositive motion or respond to the defendants' dispositive motions.

The record shows that Plaintiff has filed responses to Defendants' motions to dismiss or for summary judgment (Dkt. Nos. 245, 288, 310, 311).   Thus, his motion for extension of time (Dkt. No. 304) is DENIED AS MOOT with respect to his request for additional time to respond to the dispositive motions.   His request for an extension of time to file a dispositive motion is DENIED WITHOUT PREJUDICE, with leave to re-urge the motion after disposition of the defendants' pending dispositive motions, which raise defenses of qualified immunity and failure to exhaust administrative remedies.

**THEREFORE,**

1.   Plaintiff's Motion for Jury Trial and Submission of Direct Evidence (Dkt. No. 247) is DENIED WITHOUT PREJUDICE with respect to the request for jury trial and GRANTED with respect to the submission of direct evidence.   The Court Clerk is directed to file Plaintiff's copy of his MRI report (Dkt. No. 247 at 10-11) as a response to the DCF Defendants' special report (Dkt. No. 40).

2. Plaintiff's Motion to Find Defendants in Contempt of Court for Committing Fraud on the Court and Misrepresenting the Facts (Dkt. No. 251) is DENIED.

3. Plaintiff's Motion to Declare Defendants Have Committed Perjury (Dkt. No. 275) is DENIED.

4. Plaintiff's Motion Requesting Order Allowing Additional Legal Material (Dkt. No. 279) is DENIED.

5. Plaintiff's Fifth Motion for Appointment of Counsel (Dkt. No. 280) is DENIED.

6. Plaintiff's Motion for Appointment of Expert Witness (Dkt. No. 299) is DENIED WITHOUT PREJUDICE.

7. Plaintiff's motion for service of subpoena duces tecum on the DOC (Dkt. No. 300) is DENIED WITHOUT PREJUDICE. Plaintiff's brief in support of motion to compel (Dkt. No. 302) is construed as a motion to compel the DCF Defendants, and the DCF Defendants are directed to respond to the motion to compel within fourteen (14) days.

8. Plaintiff's motion for extension of time (Dkt. No. 304) is DENIED AS MOOT with respect to his request for additional time to respond to Defendants' dispositive motions. His request for an extension of time to file a dispositive motion is DENIED WITHOUT PREJUDICE, with leave to re-urge the motion after disposition of the defendants' pending dispositive motions.

**IT IS SO ORDERED** this 19th day of August 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE